ROBERT D. QUIRK & another *vs.* DATA TERMINAL
SYSTEMS, INC.

Middlesex.   December 6, 1979. — February 6, 1980.

Present: HENNESSEY, C.J., QUIRICO, WILKINS, LIACOS, & ABRAMS, JJ.

*Arbitration.   Contract,* Contract for arbitration, Performance and
breach. *Fraud.*

A provision in a contract by which the parties undertook to arbitrate
any dispute "arising out of, or relating to" the contract required that a
party arbitrate its claim of fraud in the inducement of the contract,
where there was no claim that the arbitration clause itself was induced
by fraud.   [765-768]

CIVIL ACTION commenced in the Superior Court on February 6, 1978.

A motion to compel arbitration and to stay proceedings
was heard by *Alberti,* J.

After an interlocutory appeal was allowed in the Appeals
Court by *Grant,* J., the Supreme Judicial Court, on its own
initiative, ordered direct appellate review.

*Robert S. Frank, Jr.,* for the defendant.
*Douglas G. Moxham* for the plaintiffs.

HENNESSEY, C.J.   This court confronts here for the first
time the issue whether a contract in which the parties un-
dertake to arbitrate any dispute "arising out of, or relating
to" that contract requires that the parties arbitrate claims of
fraud in the inducement of the contract.   More specifically,
should the courts enforce such an agreement to arbitrate
when neither party claims that there was fraud in the in-
ducement of the specific arbitration agreement, but one
party alleges that there was fraud in the inducement of the
contract as a whole?   We conclude that in the circumstances
of this case the agreement to arbitrate should be enforced.

Consequently, certain orders entered in the Superior Court as to this case were in error.

The plaintiffs, Bruce T. Quirk, trustee of the Robert Quirk Realty Trust, and Robert D. Quirk (hereinafter collectively referred to as "the Trust"), commenced an arbitration proceeding on November 4, 1977, against the defendant Data Terminal Systems, Inc. (Data), pursuant to a provision for arbitration contained in a written agreement between the parties. In the arbitration proceeding the Trust alleged certain breaches by Data of the written agreement between Data and the Trust.

On February 6, 1978, the Trust filed a complaint in the Superior Court in which it alleged that it was induced by fraud to enter, and thereafter to modify, the written agreement containing the arbitration provision. The Trust alleged that it was not aware of the facts supporting its allegations of fraud when it commenced the arbitration proceeding, but it made no allegation in its complaint that there was fraud in the inducement of the arbitration provision itself. The Trust asked that the entire agreement be rescinded and that damages be awarded to it.

Subsequently, the Trust moved in this action for an order staying the arbitration proceedings which it had commenced, and thereafter a Superior Court judge entered an order denying the Trust's motion for a stay of the arbitration. Later, pursuant to G. L. c. 231, § 118, the Trust petitioned for interlocutory relief from that order, and its petition was denied by a single justice of the Appeals Court.

Data then moved for summary judgment on the ground that this action was barred by res judicata, and requested, in the alternative, an order staying all proceedings in this action on the ground that the parties had agreed to arbitrate all disputes relating to their contract. Later Data filed a motion to compel arbitration and to stay proceedings. After both these motions were denied, Data filed a petition for relief from interlocutory order, pursuant to G. L. c. 231, § 118, and a notice of appeal pursuant to G. L. c. 251, § 18. In its petition, Data asked the Appeals Court to (a) reverse

the orders of the Superior Court denying Data's motions to stay proceedings and to compel arbitration, (b) determine that the plaintiffs' claims in this case are subject to arbitration under an agreement to arbitrate between the parties, (c) order the Trust to proceed to arbitration, and (d) stay further proceedings in this case pending arbitration. After a hearing, a single justice of the Appeals Court granted immediate appellate review of the Superior Court order denying Data's motion to compel arbitration and to stay proceedings, and ordered that proceedings in the Superior Court be stayed pending the prosecution of this appeal. We transferred the case here on our own motion for direct appellate review.

This controversy was generated by a written contract which was entered into by the parties in 1976 and amended in 1977, with the principal purpose of expanding an earlier leasing agreement between the Trust as landlord and Data as tenant. The contract provided that the Trust would convey certain land to Data; that the Trust would construct a certain building on the land; and that, if the construction was completed by a specified date, the Trust would have the option to purchase the property at a price to be determined by a formula in the contract. The contract also contained an arbitration provision which stated: "All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof . . . shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise."[1]

Failing seasonable completion of the construction by the Trust, Data could require the Trust to cease all work on the premises, and in that event that Trust's only recourse would be for money damages, the amount to be determined by ar-

---

[1] The above arbitration clause also contains language which excludes a few specific matters from the scope of arbitration. As these matters are not relevant to this case, we have omitted the language from the above quotation.

bitration. The construction was not completed within the required time, and Data required the Trust to cease work. In the meantime, the Trust instituted arbitration proceedings but later commenced the present litigation in the Superior Court, alleging that, after filing for arbitration, it learned that Data from the beginning never intended to reconvey the land to the Trust and that this scheme constituted fraud in the inducement of the contract.

The controversy here centers on the effect of certain Massachusetts statutes. Statutes aside, we should have no difficulty in concluding that the contract required submission of this dispute to arbitration. The language chosen by the parties, particularly that which required arbitration for all claims and disputes "arising out of, or relating to, this Contract or the breach thereof," clearly encompasses a claim of fraud in the inducement of the contract. Dealing with similar language in an arbitration clause, we have said that "[t]he clause should be construed as broadly as the parties obviously intended." *Glenn Acres, Inc.* v. *Cliffwood Corp.*, 353 Mass. 150, 154 (1967).

The Trust argues that, despite the language chosen by the parties, Massachusetts common law requires that a contract will be rescinded by the courts in its entirety or not at all, and therefore the arbitration clause is not severable as a vehicle for resolving the issue as to rescission for fraud in the inducement. The only cases on which the Trust relies for this proposition are *Carchidi* v. *Kalayjian*, 260 Mass. 120 (1927), and *Girouard* v. *Jasper*, 219 Mass. 318 (1914). Its reliance on these cases must fail. First of all, the cases predate the arbitration statute, G. L. c. 251. Secondly, these cases deal only with the situation of a party who is trying to enforce certain provisions of a contract while disclaiming other provisions on the basis of fraud. Even if we were to assume that the proposition put forth by the Trust could be invoked against a party who, like Data, is not seeking but rather is defending against a claim of rescission, more recent cases have established that the arbitration clause may remain operative despite a rescission dispute if the language of the contract provides that it

should. *Glenn Acres, Inc.* v. *Cliffwood Corp.*, *supra* at 154-155. See *Mendez* v. *Trustees of Boston Univ.*, 362 Mass. 353, 356 (1972).

We turn now to the question whether the arbitration statute, G. L. c. 251, has any effect on our construction of the contract. We conclude that it does not. The Trust argues that G. L. c. 251, § 1, as appearing in St. 1960, c. 374, § 1, serves to exclude arbitration as a means of settling any dispute in which a party seeks to invalidate the entire contract, since the language of that section states in relevant part: "[A] provision in a written contract to submit to arbitration any controversy thereafter arising between the parties shall be valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract."

The Trust relies on precedents from a few jurisdictions where courts have considered statutory language identical or similar to § 1, *supra*, and have found arbitration clauses similar to that in the instant case to be unenforceable. See *George Engine Co.* v. *Southern Shipbuilding Corp.*, 350 So. 2d 881 (La. 1977); *Atcas* v. *Credit Clearing Corp. of America*, 292 Minn. 334 (1972). We do not find these cases to be persuasive. We think it is clear that the Legislature intended, by the language of § 1, that the arbitration provision be unenforceable only when the arbitration provision itself (and not the contract as a whole) is revoked "upon such grounds as exist . . . for the revocation of any contract."

Other courts have reached the same conclusion based on consideration of identical or similar statutory language. The Supreme Court of the United States, in *Prima Paint Corp.* v. *Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402 (1967), a case decided under the Federal arbitration statute, 9 U.S.C. §§ 1-14 (1976), held that a claim of fraud in the inducement of the arbitration provision in a contract must be resolved by a court, but a claim of fraud in the inducement of the contract itself must be arbitrated. The Supreme Court stated, 388 U.S. at 403-404: "Under [the Federal statute] . . . the federal court is instructed to order arbitra-

tion to proceed once it is satisfied that 'the making of the agreement for arbitration or the failure to comply [with the arbitration agreement] is not in issue.' Accordingly, if the claim is fraud in the inducement of the arbitration clause itself — an issue which goes to the 'making' of the agreement to arbitrate — the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally. . . . We hold, therefore, that in passing upon a[n] . . . application for a stay while the parties arbitrate, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate. In so concluding, we not only honor the plain meaning of the statute but also the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts."

A number of State courts, dealing with State statutes which are the same as or similar to the Massachusetts arbitration statute, have also concluded that, given a broad arbitration agreement similar to the one in this case, a claim of fraud in the inducement of a contract as a whole presents a question which must be decided by arbitration. *Two Sisters, Inc.* v. *Gosch & Co.*, 171 Conn. 493 (1976). *Security Constr. Co.* v. *Maietta*, 25 Md. App. 303 (1975). *Information Sciences, Inc.* v. *Mohawk Data Science Corp.*, 43 N.Y.2d 918 (1978). *Weinrott* v. *Carp*, 32 N.Y.2d 190 (1973). *Pinkis* v. *Network Cinema Corp.*, 9 Wash. App. 337 (1973).

Following the Supreme Court's reasoning in *Prima Paint* and that of the several State courts cited immediately above, we think that the legislative intent of G. L. c. 251 is clear: the arbitration procedure, when selected by the parties to a contract, should be speedy and not subject to delay and obstruction in the courts.[2] In addition to what we perceive is the plain meaning of c. 251, § 1, we note that

---

[2] We reiterate that the parties are, of course, free to limit the arbitration provision as they see fit by terms of their contract. Here they chose the broadest of language.

§ 2(*b*) of that chapter directs the court, when considering an application for stay of arbitration proceedings, to order arbitration unless it finds that "there is no agreement to arbitrate." Where, as here, there is no claim that the arbitration clause itself was induced by fraud, it would frustrate the legislative intent to permit a party to maintain litigation in the courts merely by alleging fraud in the inducement of the contract as a whole.

Accordingly, this case is remanded to the Superior Court where orders are to be entered (1) vacating the Superior Court order denying Data's motion to compel arbitration and to stay proceedings; (2) ordering the Trust to submit the matters alleged in its complaint to the pending arbitration proceeding; and (3) staying all further proceedings in this action pending such arbitration.

*So ordered.*