Manfred R. WETZEL, Appellee,

v.

COVENANT OIL CORPORATION, an Oklahoma corporation, Eric Pittser, Gerald F. Ruell, Gas Transmitting Company, Koch Oil Company, and Eldon Dewayne Allen, Intervenor, Appellants.

No. 65559.

Court of Appeals of Oklahoma, Division No. 2.

Sept. 23, 1986.

Rehearing Denied Nov. 10, 1986.

Certiorari Denied Feb. 11, 1987.

Sam T. Allen, III, Loeffler & Allen, Sapulpa, for appellee.

Donald E. Cummings, Tulsa, for appellant Eldon DeWayne Allen.

REIF, Presiding Judge.

Interlocutory appeal pursuant to 15 O.S. 1981 § 817(A)(1), is taken from the trial court's refusal to compel arbitration. The parties had agreed on arbitration in their limited partnership agreement for development of an oil and gas well. Rather than seek arbitration, Manfred R. Wetzel, a limited partner, filed suit against the general partners. He claims that he was induced by their fraudulent representations to purchase three and three-quarters of twenty participation units. In particular, he asserts that the amount to be raised for development of the well was misrepresented, as well as the monetary contribution of the general partners. Wetzel asked for an accounting and reformation of his interest and the interests of the other limited partners to share in proportion to their actual cash investment.

Eldon DeWayne Allen, another limited partner, intervened. He asked the court to enforce the arbitration provision which reads in pertinent part:

> 16.10 *Arbitration.* Any controversy arising under this agreement which cannot be settled by mutual agreement shall be resolved by arbitration proceedings.... The parties specifically waive any right to resort to legal action through the court system for the purpose of resolving any dispute hereunder.

Other limited partners later intervened and also sought arbitration. It appears that there are still other limited partners who are not yet parties to the litigation.

Wetzel successfully argued before the trial court that arbitration is not properly enforced where judicial relief is sought from a fraudulent transaction. Allen appeals urging that arbitration is binding on Wetzel, notwithstanding his allegations of fraud in the inducement. He has cited cases from other jurisdictions that such allegations do not defeat arbitration where the arbitration agreement itself is not attacked as being the product of fraud.

Current Oklahoma law governing arbitration as an alternative to litigation is largely statutory and of recent origin. In 1978, the legislature adopted the Uniform Arbitration Act, 15 O.S.1981 §§ 801 through 818. Section 802 expressly states that the Act shall apply to a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties. This section further declares such agreements to arbitrate are valid, enforceable, and irrevocable, except upon such grounds as exist at law or in equity for the revocation of any contract. Section 803 empowers the court to summarily de-

termine whether an agreement to arbitrate exists and authorizes the court to order the parties to proceed with arbitration upon application and showing that one party refuses to arbitrate. Oklahoma courts have yet to construe the Act in this regard.

When the clear intent expressed by these statutes is considered in light of the circumstances of the parties and the broad language of the arbitration provision in question, we conclude that arbitration should be ordered. More particularly, the parties concede that the *object* of their contract is a *fait accompli*; that is, the well has been drilled and completed, is producing, and sales have been made. Although couched in terms of fraud, the real controversy affecting the parties, intervenors, and the non-party partners as well, concerns defaults in the promised performance. The language of the arbitration provision reflects that arbitration was the chosen method for settling differences and disputes regarding the parties' rights and obligations. There is no indication that culpable defaults or acts were to be excluded. In short, if the general partners failed to perform, for whatever reasons, in development of the well, arbitration can nonetheless provide a forum for such a determination and a remedy to *all* concerned, whether parties to formal litigation or not.

Allegations of fraud in the inducement attacking a contract as a whole have been held insufficient to defeat arbitration otherwise mutually agreed on under the Uniform Arbitration Act. *See Quirk v. Data Terminal Systems, Inc.,* 379 Mass. 762, 400 N.E.2d 858 (1980), and *Flower World of America, Inc. v. Wenzel,* 122 Ariz. 319, 594 P.2d 1015 (1978). The Supreme Court of the United States reached a similar holding in its construction of federal arbitration law. *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). This appears to be the prevailing view regarding arbitration agreements generally. *See* Annot., 11 A.L.R. 4th 774 (1982).

By statutory directive, courts in Oklahoma shall construe our Act "to effectuate its general purpose to make uniform the law of those states which enact it." 15 O.S.1981 § 801. We find the weight of authority dictates arbitration was improperly denied in this case, Wetzel's allegations of fraud in the formation of the limited partnership notwithstanding.

Reversed and remanded with directions to order arbitration.

MEANS, J., and STUBBLEFIELD, J. (sitting by designation), concur.