Neel, J.
*382 INTRODUCTION
Plaintiff, Kenneth P. Weiss (“Weiss”), filed this action against his former employee, defendant Desmond Atholl (“Atholl"), for conversion (Count I) and replevin (Count II). Atholl counterclaimed for misrepresentation (Count I), breach of oral contract (Count II), breach of written contract (Count III), abuse of process (Count IV), slander per se (Counts V-VII), and conversion (Count VIII). Weiss moves to dismiss Atholl’s counterclaims under Mass.R.Civ.P. 12(b)(6), arguing that the claims are subject to arbitration pursuant to their written employment agreement. Weiss also seeks to submit his claims to arbitration. Weiss’s motion will be treated as a motion to compel arbitration under M.G.L.c. 251. For the reasons discussed below, the motion to compel arbitration is allowed in part and denied in part.
BACKGROUND
The uncontroverted facts are as follows. In February of 1996, Weiss engaged Atholl, a citizen of the United Kingdom, to come to the United States and serve as Weiss’s major domo and personal secretary. Atholl came to the United States and worked for Weiss in Weiss’s home in Newton. On or about June 10, 1996, the parties executed a written employment agreement, which contains an arbitration clause. The arbitration clause provides that “(a]ny controversy or claim arising out of, or relating to, this Agreement, or its breach, shall be settled by arbitration ...” (Employment Agreement, clause 14.) On or about June 12, 1996, Atholl terminated the agreement pursuant to a clause which provided for termination without cause.
It is undisputed that the agreement contains an arbitration clause, and that the agreement is an enforceable contract. At issue is whether Atholl’s counterclaims are arbitrable under the arbitration clause.
DISCUSSION
General laws c. 251 governs the arbitration of commercial disputes in Massachusetts. Section 1 of that chapter provides that a written agreement to arbitrate “shall be valid, enforceable and irrevocable.” Section 2(d) provides that “(a]ny action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect to such issue only.” “(T]he foregoing statutory provisions express a strong public policy favoring arbitration as an expeditious alternative to litigation for settling commercial disputes.” Danvers v. Wexler Constr. Co., Inc., 12 Mass.App.Ct. 160, 163 (1981). “Unless there is positive assurance that an arbitration clause is not susceptible to an interpretation that covers the asserted dispute, or unless no lawful relief conceivably can be awarded by the arbitrator, an order to arbitrate should not be denied.” Massachusetts Coalition of Police, Local 165, AFL-CIO v. Northborough, 416 Mass. 252, 256 (1993) (quoting School Comm. of Danvers v. Tyman, 372 Mass. 106, 113 (1977)).
In the present case, the arbitration clause is very broad. See Loche v. Dean Witter Reynolds, Inc., 26 Mass.App.Ct. 296, 303 (1988) (construing substantially similar language). An arbitration clause that is expressed in general terms “should be construed as broadly as it was intended.” Danvers, 12 Mass.App.Ct. at 163 (construing substantially similar language) (quoting Carter, Moore & Co., Inc. v. Donahue, 345 Mass. 672, 676 (1963) (additional citations omitted)). “(U]nder such a clause, the parties are deemed to have consented in advance to arbitrate any dispute which they cannot settle between themselves ...” Danvers, 12 Mass.App.Ct. at 163 (citations omitted).
Weiss’s motion to compel arbitration as to his claims is unopposed; in any event, for the reasons stated below as to similar claims by Atholl, Weiss’s claims are subject to arbitration. The issue which remains is whether Atholl’s counterclaims are arbitrable.
Atholl concedes that his counterclaim for breach of written contract (Count III) falls within the scope of the arbitration clause (see Defendant’s Memorandum at 6), but argues that the remainder of his counterclaims are not arbitrable. Atholl asserts that an examination of the employment contract reveals that the parties did not agree to submit tort claims to arbitration. (See id., at 4.) The language within the arbitration clause here, however, “covers contract-generated or contract-related disputes between the parties however labeled: it is immaterial whether claims are in contract or in tort . . .” Loche, 26 Mass.App.Ct. at 304 (construing substantially similar language) (quoting Acevedo Maldonado v. PPG Indus., Inc., 514 F.2d 614, 616-17 (1st Cir. 1975)).
Count I of Atholl’s counterclaims alleges that Weiss fraudulently induced Atholl to come to the United States to work as Weiss’s major domo. Atholl alleges that Weiss misrepresented that he would reimburse Atholl for air fare and moving expenses, and would make Atholl a beneficiary under Weiss’s will.
The Supreme Judicial Court has determined that the language within the arbitration clause here “clearly encompasses a claim of fraud in the inducement of the contract. ” Quirk v. Data Terminal Sys., Inc., 379 Mass. 762, 765 (1980). Atholl argues that Quirk is not applicable to his misrepresentation claim because that claim is based not on fraud in the inducement of the written contract containing the arbitration provision, but rather “upon facts pertaining to Weiss’s statements made in February 1996 to come to the United States.” (Id., at 6.)
The Court is not persuaded that this distinction renders Quirk inapplicable to Atholl’s misrepresentation claim. Atholl asserts that the alleged misrepresentation created an oral contract. Because any such oral contract was later formalized by the written agree *383 ment, the misrepresentation claim is sufficiently related to the parties’ written agreement to render it subject to the arbitration clause. See Quirk, 379 Mass. at 765; Loche, 26 Mass.App.Ct. at 304 (construing substantially similar language within an investment contract and determining that because the plaintiffs claims of fraud, conversion and misrepresentation “were of a nature closely involved ... in a continuing investment relationship!,] [t]hey . . . were sufficiently connected with that investment relationship to be regarded as subject to the arbitration provision”) (footnote omitted); see also Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 846 (2d Cir. 1987) (construing substantially similar language and determining that claims are arbitrable “(i]f the allegations underlying the claims ‘touch matters’ covered by the parties’ . . . agreement! ] . . .”) (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 624 n.13 (1985)).
Count II of Atholl’s counterclaims alleges that Weiss breached an oral contract with Atholl by failing to reimburse Atholl for his initial travel and moving expenses. Atholl contends that his breach of oral contract claim is not arbitrable because the oral contract was entered into four months prior to the execution of the written contract, and the contracts did not merge.
The Court disagrees. Even if there was no merger between the two agreements, this does not put the claim for breach of oral contract outside the scope of the arbitration clause. As noted above, the claim for breach of oral contract is related to the written agreement. The alleged oral contract involves the same employment relationship, which was later formalized by the written agreement.
Massachusetts courts have not determined whether an arbitration clause within a written agreement applies to a related oral agreement between the same parties. The Massachusetts Appeals Court addressed a related issue in Unisys Finance Corp. v. The Allen R. Hackel Org., Inc., 42 Mass.App.Ct. 275 (1997), rev. denied, 424 Mass. 1109 (1997). In that case, the court refused to adopt a rule “that an arbitration clause will encompass a separate but related agreement with a different party which has no arbitration clause.” Id. at 281. Unlike the facts in Unisys, in this case the alleged separate agreement is a prior oral agreement involving the same parties. Because the alleged oral contract is related to the written agreement and involves the same parties, the Court concludes that the breach of oral contract claim is subject to arbitration.
Atholl alleges in Count VIII that on or about June 21, 1996, Weiss converted Atholl’s property. Atholl argues that because Weiss has initiated a cause of action for conversion and replevin instead of requesting arbitration, it cannot be inferred that Weiss expected that suits for conversion would be subject to arbitration. But simply filing suit on a claim and requesting arbitration shortly thereafter does not result in a waiver of the right to arbitrate that claim. See Home Gas Corp. of Mass., Inc. v. Walter’s of Hadley, Inc., 403 Mass. 772, 775-78 (1989) (considering several factors when determining whether a party has waived the right to arbitration, such as whether parties have engaged in discovery, whether there was a long delay before arbitration was requested and whether the other party was prejudiced by the delay); see also Tumim v. Palefsky, 7 Mass.App.Ct. 847 (1979) (”[P]arties waive the arbitration clause if . . . they proceed to a trial of the issues in dispute without making a request for arbitration” (citations omitted)).
Furthermore, the language within the agreement suggests that the parties could have reasonably anticipated that disputes regarding acts of conversion would be arbitrated. The agreement provides that acts of conversion will constitute a basis for termination of the agreement. (See Employment Agreement, clause 12(e).) Accordingly, Atholl’s claim for conversion (Count VIII) is sufficiently related to the employment agreement to render it subject to arbitration.
In his claim for abuse of process (Count IV), Atholl alleges that Weiss “maliciously and without probable cause” brought suit against Atholl for conversion of certain household articles. (See Plaintiffs Complaint, pars. 10-12.) Atholl argues that his abuse of process claim is not arbitrable because the events at issue occurred after the termination of the written agreement.
Several courts have determined that the timing of an alleged tort, while relevant, is not a determining factor when deciding whether a claim should be arbitrated.[1] Furthermore, the allegations within Atholl’s claim for abuse of process will require an examination of Weiss’s conversion claim. Accordingly, Atholl’s claim for abuse of process (Count IV) should be subject to arbitration.
Atholl’s claims for slander per se (Counts V-VII) allege that on or about June 20, 1996, Weiss stated that “Atholl was a thief and had stolen tens upon thousands of dollars from Weiss and had committed fraud upon an insurance company in Canada.” (Defendant’s Counterclaims, pars. 32-35.) Atholl further alleges that on or about July 1, 1996, Weiss, on two occasions, stated that “Atholl was a low life and a thief and dishonest” and inferred that “Atholl received kickbacks from certain manufacturers of interior design items.” (Id., pars. 22-31.)
Weiss argues that Atholl’s claims for slander per se are subject to arbitration because they relate to Atholl’s work performance and honesty as an employee. The alleged statements that Atholl is a thief and dishonest were, presumably, made with regard to Weiss’s allegations that Atholl converted Weiss’s property. As stated above, the employment agreement speaks to acts of conversion. Because truth is a de *384 fense to slander per se, resolution of this claim will require, in part, an examination of the evidence regarding Weiss’s conversion and replevin claims. Therefore, these claims relate, in part, to the employment agreement.
The alleged slanderous statements also include matters that do not relate to the employment agreement. Atholl alleges that Weiss inferred that Atholl “received kickbacks from certain manufacturers of interior design items” and stated that Atholl “committed fraud upon an insurance company in Canada.” (Defendant’s Counterclaims, pars. 23, 28, 33.) The parties could not have reasonably anticipated arbitrating these unrelated disputes.
Accordingly, the statements “that Atholl was a low life and a thief and dishonest” and “was a thief and had stolen tens upon thousands of dollars from Weiss” are subject to arbitration; the representations “that Atholl received kickbacks from certain manufacturers of interior design items” and “had committed fraud upon an insurance company in Canada” are not. See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 216-21 (1985) (rejecting the argument that a district court may refuse to deny arbitration when arbitrable and nonarbitrable claims are factually intertwined and deciding that, under the Federal Arbitration Act, agreements to arbitrate must be rigorously enforced, even if” ‘piecemeal’ litigation” results); Fleck, 891 F.2d at 1053 (statements that broker had lost his licence and was “basically a criminal” relevant to job performance and therefore subject to arbitration provision, but not statement that broker was a disbarred lawyer).
ORDER
For reasons discussed above, the plaintiffs motion to compel arbitration is ALLOWED as to the plaintiffs claims; Counts I, II, III, IV, and VIII of the defendant’s counterclaims; and as to the following statements within Counts V, VI and VII of the defendant’s counterclaims: “that Atholl was a low life and a thief and dishonest” and “that Atholl was a thief and had stolen tens upon thousands of dollars from Weiss[.]” The plaintiffs motion is DENIED as to the following representations within Counts V, VI and VII of the defendant’s counterclaims: “that Atholl received kickbacks from certain manufacturers of interior design items” and “had committed fraud upon an insurance company in Canada.” Additionally, it is hereby ORDERED that all claims in this action shall be stayed pending the conclusion of the arbitration proceedings.

See Fleck v. E.F. Hutton Group, Inc., 891 F.2d 1047, 1051-52 (2d Cir. 1989); Zolezzi v. Dean Witter Reynolds, Inc., 789 F.2d 1447, 1450 (9th Cir. 1986); Aspero v. Shearson American Express, Inc., 768 F.2d 106, 108-09 (6th Cir. 1985), cert. denied, 474 U.S. 1026 (1985); Morgan v. Smith Barney, Harris Upham & Co., 729 F.2d 1163, 1167 (8th Cir. 1984); Flanagan v. Prudential-Bache Sec., Inc., 495 N.E.2d 345, 349 (N.Y. 1986), cert. denied, 479 U.S. 931 (1986). Although these decisions involved different arbitration provisions from the language at issue here, the principle that the timing of a dispute is not determinative applies nonetheless. An arbitration provision covering claims “relating to” an agreement is broader than a provision that covers claims “arising out of' an agreement, see Loche, 26 Mass.App.Ct. at 303 n.9 (citing International Talent Group, Inc. v. Copyright Management, Inc., 629 F.Sup. 587, 592 (S.D.N.Y. 1986)), and both may apply to post-breach events (e.g., violation of a covenant not to compete).