Agnes, A.J.
The parties have filed cross motions under Mass.R.Civ.P. 12(c) for judgment on the pleadings in connection with the plaintiff, City of Lawrence’s (hereafter, “the City”) complaint seeking to vacate an arbitrator’s award. The City’s position is that the award should be vacated pursuant to G.L.c. 150C, §11(3) on grounds that the arbitrator exceeded his authority in ruling that a grievance, over whether an employee was entitled to leave with pay benefits as a result of an alleged work-related injury under G.L.c. 41, §11 IF, was subject to arbitration. Because the parties, have made reference to and relied on matters outside the pleadings, their motions under rule 12(c) are treated as motions for summary judgment under Mass.R.Civ.P. 56.
BACKGROUND
The essential facts are not in dispute. The Association is the exclusive and certified bargaining representative for persons employed as police patrolmen by the defendant City. The collective bargaining agreement between the City and the Association, includes the following provisions:
ARTICLE II — Management Rights
Section 2. All job benefits heretofore enjoyed by the employees will continue under the conditions upon which they had previously been granted. This agreement shall not be construed to deprive employees of any benefits or protections granted by the laws of the Commonwealth of Massachusetts.
ARTICLE XII — Sick Leave, Injuries, Special Leave and Death Leave
Section 4. Injured Leave. General Laws chapter 41, section 11 IF shall be applied in cases of injury. Officers shall have twenty-four (24) hours to report injury in the line of duty.
ARTICLE XVI — Grievance Procedure
Section 1. The term “grievance” shall be defined as any dispute concerning the interpretation or application of this Agreement.
The dispute arose between the City and the Association over whether patrolman Robert Jackson is entitled to leave with pay due to a work-related injury based on the provisions of G.L.c. 41, §11 IF and the collective bargaining agreement. There is evidence that on November 18, 1998 the officer was on duty and became sick. He was brought to the Lawrence General Hospital and was diagnosed as suffering from a small stroke (transient ischemic attack). There also is evidence that officer Jackson suffers from patent fora-men ovale (PFO) which is described as a small hole or opening in the flap valve between the right and left sides of his heart and some atherosclerotic disease in his aorta. After a number of diagnostic procedures and a surgical procedure, the officer returned to work in May or June 1998. City of Lawrence v. Lawrence Patrolman’s Association, Case No. 113900125999 at *282 6-8 (Katz, arbitrator) (April 14, 2000) (35 pages) (hereafter, “Katz decision”).
Following officer Jackson’s return, the Lawrence Police Department and the City of Lawrence followed the recommendation of a third-party claims administration firm that the patrolman’s injury was not due to an accident or traumatic event, but resulted from a pre-existing condition which is outside the purview of G.L.c. 41, §111F. Katz decision at 10. As a result, the position of the Department and the City is that patrolman Jackson’s medical bills should not be reimbursed by the city under G.L.c. 41, § 100, but instead submitted to the officer’s individual health insurer for payment. Katz decision at 10.
After processing the matter through the grievance procedure, the Association filed a demand for arbitration. The parties agreed on the choice of an arbitrator and hearings were conducted on November 15, 1999 and January 27, 2000. On April 14, 2000, the arbitrator issued an award in favor of the Association supported by an opinion in which he reasoned that the grievance was subject to arbitration.
At the arbitration hearing, the Association relied both on the terms of the collective bargaining agreement, noted above, and on the fact that in a previous arbitration case between the parties in 1990, the arbitrator ruled that a grievance over whether a police patrolman was entitled to leave with pay under G.L.c. 41, §11 IF was arbitrable. See Affidavit of Attorney David C. Jenkins (attaching a copy of the arbitrator’s opinion in the 1990 case); Katz decision at 20-21. Moreover, the Association maintained that subsequent to the 1990 arbitration in question and up until the present case, the Association and the City resolved numerous disputes over the applicability of G.L.c. 41, §11 IF by the grievance-arbitration process.
The City’s position is that regardless of what position it may have taken in the past, it enjoys non-reviewable authority to make decisions under G.L.c. 41, § 100 and that the arbitrator exceeded his authority in determining that the grievance was arbitrable.
DISCUSSION
In Local Union No. 1710, International Association of Fire Fighters, AFL-CIO v. Chicopee, 430 Mass. 417 (1999), the Supreme Judicial Court adopted a series of guiding principles for the determination of whether parties have a duty to arbitrate or whether particular grievances between parties are subject to arbitration. When a contract contains an arbitration clause, one of these guiding principles is that “there is a presumption of arbitrability in the sense that ‘[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage . . . Such a presumption is particularly applicable where the clause is . . . broad.’ ” Id. at 421 (quotations omitted). A so-called “broad arbitration clause” is described as “a standard arbitration clause which essentially states that ‘all disputes’ are subject to arbitration.” Id. at 422 (quotations omitted).
The arbitration clause involved in the present case provides for arbitration of “any dispute concerning the interpretation or application of this Agreement.” See Article XVI, Section 1 of the collective bargaining agreement, quoted above. This is a “broad arbitration clause” as defined by the Supreme Judicial Court in Local Union 1710, supra, 430 Mass, at 422. While facts in the Local 1710 case are distinguishable from the present case because there the parties had not adopted abroad arbitration clause, see id., 430 Mass, at 424, the legal principles announced by the Supreme Judicial Court govern the question before this court.[1]
In the present case, the collective bargaining agreement provides, in part, that “General Laws chapter 41, section 11 IF shall be applied in cases of injury.” This statute provides, in part, that “(w)henever a police officer ... is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own ... he shall be granted leave without loss of pay for the period of such incapacity . . .’’In the present case, the arbitrator determined that a dispute' over whether a police officer was injured while on duty within the meaning of §11 IF is arbitrable even though determinations made by the employer under G.L.c. 41, §100 (governing indemnification of police officers and others for medical expenses incurred as a result of accidents while on duty) may not be subject to arbitration. Katz decision at 28-32. The arbitrator went on to rule in favor of Patrolman Jackson on the merits and concluded that he was entitled to the benefits of § 11 IF. Katz decision at 32-35.
Under the circumstances of this case, this court is without authority to review these rulings by the arbitrator because he did not exceed his powers. G.L.c. 150C, § 11(a)(3). “Even blatant mistakes of law or misrepresentation of the agreement are not subject to judicial review.” Local 1710, supra at 422 n. 9 citing Old Rochester Regional Teacher’s Club v. Old Rochester Regional School District Commission, 398 Mass. 695, 701 (1986).
ORDER
For the above reasons, the defendant’s motion for summary judgment is ALLOWED.
The plaintiffs cross motion is DENIED.

 In Local 1710, supra, the Supreme Judicial Court concluded that the arbitration clause was not broad in that it defined a grievance in terms of issues relating to the “terms and conditions of employment.” 430 Mass, at 424. As a result, the court ruled that the question of whether the timeliness of a grievance is subject to arbitration was a decision properly left to the trial court and not necessarily subject to arbitration. See id. at 425-29. In the present case, on the other hand, the parties contracted to submit “any dispute” regarding the interpretation or application of the agreement to arbitration.