Giles, J.
In this action for declaratory judgment, plaintiff Fitzgerald Communications, Inc. (“plaintiff’), is seeking a declaration that the arbitration provision in the parties’ “Employment Agreement” (“Agreement”) of March 8, 2001, in which they agreed to arbitrate “any dispute or controversy arising out of or relating in any way to the Employee’s employment and/or termination from the Corporation ...” is valid and enforceable and that defendant Craig P. Wood (“defendant”) must submit any and all claims that he may have against the plaintiff regarding his termination on or about February 4, 2002, to arbitration pursuant to the Agreement. The plaintiff has moved for summary judgment on the basis of the arbitration statute, G.L.c. 251, §2, which motion the defendant opposes.
The defendant does not deny that he signed the Agreement at the time of his hire as Executive Vice President and General Manager of the plaintiffs New York office in March 2001, nor that the Agreement contained the abovementioned arbitration clause. Rather, he contends that the Agreement is unenforceable as a whole (as opposed to the arbitration clause specifically) because it was procured by fraud in the inducement and, therefore, that summary judgment is inappropriate His argument is without merit.
“Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.” Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). The instant arbitration clause is broadly worded, thereby creating a strong presumption of arbitrability. See Carpenter v. Pomerantz, 36 Mass.App.Ct. 627, 630 (1994). The language chosen by the parties, i.e., that arbitration was required for “any dispute or controversy arising out of or relating to the Employee’s employment with and/or termination,” clearly encompasses a claim for fraud in the inducement of the Agreement. See Quirk v. Data Terminal Systems, Inc., 379 Mass. 762, 765 (1980). Accordingly, the agreement to arbitrate should be enforced as to all aspects of the parties’ employment dispute, including the defendant’s defense of fraud. See id. at 762.
ORDER
For all the foregoing reasons, the plaintiffs motion for summary judgment is ALLOWED insofar as it is hereby ORDERED pursuant to G.L.c. 251, §2 that the parties proceed to arbitration.