Fecteau, J.
On November 17, 2003, the plaintiffs, John and Martha Humbert, filed a complaint seeking to declare as void a transfer of property to the defendants. Count I alleges breach of contract in the defendants’ failure to pay taxes and perform repairs to the property as set forth in the written agreements. Count II asserts failure of consideration for the defendants’ acquisition of the property. Count III alleges that the defendants breached the implied covenant of good faith and fair dealing, by failing to pay taxes and perform repairs to the property, and by failing to record all of the deeds to the property. Count IV alleges that the defendants’ conduct in this transaction constituted unfair or deceptive practices under G.L.c. 93A. Count V asserts that the defendants engaged in fraud through their material representations to the plaintiffs regarding the terms of the property transfer. Count VI asserts that the defendants fraudulently conveyed the property in violation of G.L.c. 109A.
BACKGROUND
On May 1, 2002, plaintiff John Humbert, as trustee of the Ninety-Three Grand Street Really Trust (“93 Grand Trust”), entered into a Purchase and Sale Agreement (“P&S”) to sell land and buildings at 93 and 95 Grand Street, Worcester, Massachusetts (the “Property”), to Nancy S. Dworman, Trustee of the GTH Trust (“GTH”). On the closing date, October 21, 2002, the parties named above entered into a Transfer Agreement that modified the terms of the P&S. The Transfer Agreement required the seller to execute quitclaim deeds to the Property, to be held in escrow for a 120-day period. At any time during that 120-day period, the buyer was entitled to record the deeds and take title to the Property but was under no obligation to do so. The seller would retain title to the Property in the event that the buyer did not record the deeds. Under the Transfer Agreement, upon recording the deeds to the Property, the buyer was obligated to perform repairs and to pay taxes owed on the Property in response to an order against the plaintiff by the City of Worcester.
As part of the overall transaction, the parties made arrangements to transfer encumbrances on the Property. Prior to the closing, Grand Street Mortgage Investors Trust (“GSMIT”) was the holder of 2 notes and accompanying mortgages on the Property. Plaintiff Martha Humbert was the beneficiary of GSMIT, and Ronald Kimball was the trustee. On the day of closing, October 21, 2002, Kimball assigned the notes and accompanying mortgages covering the Property to Marc Greenberg, Trustee of the Grand Street Realty Trust (“GSRTj, the brother of the defendant Nancy Dworman.
Shortly thereafter, as the 93 Grand Trust was in default under the notes and mortgages, GSRT was entitled to commence foreclosure proceedings, and purchased the Property at a foreclosure sale on December 12, 2002. At a subsequent closing on February 11, 2003, GSRT obtained title to three of the four parcels comprising the Property, opting not to take title to the fourth parcel. As the defendant buyer, Nancy Dworman, never exercised her right under the Transfer Agreement to record the deeds held in escrow during the 120-day period, 93 Grand Trust retained title to one of the four parcels. Thus, in accordance with the terms of the Transfer Agreement, the defendant did not pay any back taxes or perform repairs on the property. Marc Greenberg subsequently conveyed two of three parcels it obtained through foreclosure to Crompton Mill House, LLC, and the third parcel to Grand Street Parkway, LLC, entities controlled by Matthew Dworman, the son of Nancy and Ralph Dworman. Two of the parcels were later conveyed to Sion Mills, Ltd.
This matter is before the court on the defendants’ motion for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c), seeking dismissal of all counts.
DISCUSSION
A defendants’ rule 12(c) motion for judgment on the pleadings is treated as a motion to dismiss that argues the complaint fails to state a claim upon which relief can be granted. Ritchie v. Dept of State Police, 60 Mass.App.Ct. 655, 659 (2004). When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Fairney v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In evaluating a rule 12(b)(6) motion, courts may consider allegations in the complaint, items appearing in the record of the case and exhibits attached to the complaint. Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000).
Count I of the amended complaint alleges that the defendants’ failure to pay tax arrearages or perform repairs after taking title to the property amounted to a breach of the written agreements. They also allege that defendants’ failure to record and take possession of one of the four parcels comprising the property amounted to a breach of the agreements. The defendants argue that because they did not record the deeds within the 120-day period specified in the Transfer Agreement, none of these obligations were triggered.
On the facts alleged in Count I, the plaintiffs have not stated a claim for which relief may be granted. The *627 complaint does not reference any section of the Transfer Agreement or P&S that obligates the defendants to pay taxes, perform repairs or take title to the property, in the event that the defendant chooses not to record title to the Properly. The Transfer Agreement states that the buyer “shall be entitled . . .” to record the deed, and “shall be under no obligation to record the deed and take title to the Premises.” The plaintiffs cannot now assign to the agreements the meaning that they believe it has. See Schaer, 432 Mass, at 479 (breach of contract claim dismissed where it was not supported by the language of the agreement). Even accepting the plaintiffs’ allegations as true, Count I does not allege a claim for which relief may be granted.
Count II asserts that the defendants failed to provide consideration in exchange for the transfer of the Property. The defendants argue that the P&S and the Transfer Agreement terminated because the property transfer outlined in those documents never occurred. The plaintiffs can prove no set of facts that entitles them to relief on this count. Nader, 372 Mass, at 98. The defendants obtained title to the Property through the foreclosure sale, rather than the P&S and Transfer Agreement. The Transfer Agreement provides that if the Buyer decides not to record the deeds, “the PSA and the Transfer Agreement shall be terminated and [sic] no further force or effect.” As the deeds were never recorded, the defendants were not obligated to provide the stated consideration. Accepting the plaintiffs’ assertions as true, Count II does not allege a claim for which relief may be granted.
Count III alleges that the defendants’ conduct violated the implied covenant of good faith and fair dealing. Every contract implies good faith and fair dealing between the parties to it. Anthony’s Pier Four, Inc. v. HBC Assoc., 411 Mass. 451, 471 (1991). The implied covenant of good faith and fair dealing provides “that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract...” Id., quoting Drucker v. Roland Wm. Jutras Associates, 370 Mass. 383, 385 (1976).
The plaintiffs’ theory is that Ralph Dworman induced John Humbert to assign the mortgages and notes on the Property to Marc Greenberg, Nancy Dworman’s brother, with the understanding that the defendants would assume liability for tax arrearage and needed repairs on the Property, as set forth in the Transfer Agreement. The plaintiffs contend that the defendants never intended to assume responsibility for the taxes or repairs, but rather aimed to obtain title to the Property via the foreclosure process, once they obtained the notes and mortgages. Accepting the plaintiffs’ allegations as true, the complaint states an actionable claim for breach of the implied warranty of good faith and fair dealing. Fairneny, 422 Mass, at 470. Given further opportunity, the plaintiffs may be able to show that the defendants used the negotiations over the sale of the Property as a pretext to obtain control over the notes and mortgages on the Property. See Anthony’s Pier Four, Inc., 411 Mass, at 473 (landowner’s objection to a development plan employed as a pretext designed to increase the agreed upon contract price violated the implied covenant of good faith and fair dealing). The defendants’ motion as to Count III is denied.
Count IV asserts that the defendants engaged in unfair or deceptive acts under G.L.c. 93A, by engaging in negotiations to purchase the Property for value, while actually intending to foreclose upon the Property. The defendant asserts that since there was no breach of any agreement, there was no violation of G.L.c. 93A. Whether a practice is within the penumbra of some common-law, statutory, or other established concept of unfairness, should be considered to determine whether a practice is to be deemed unfair. Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 778 (1986). Common-law actions for fraud and deceit are within contemplation of unfair acts under G.L.c. 93A. Id. Based on the facts alleged in the complaint, the plaintiffs may be able to prove that the defendants engaged in unfair or deceptive acts in their negotiations for the purchase of the Property. The defendants’ motion as to Count IV is denied.
Count V of the complaint asserts that the defendants committed fraud by concealing their intent to foreclose on the Property while representing to the plaintiffs that they intended to purchase the Properly through the P&S and Transfer Agreement. The defendants assert that the complaint lacks particularity required under Mass.R.Civ.P. 9(b). Circumstances constituting fraud must be stated with particularity. Mass.R.Civ.P. 9(b); Nota Construction v. Keyes Associates, 45 Mass.App.Ct. 15, 16 (1998). The plaintiffs allege that defendant Ralph Dworman made false representations concerning the Properly transfer, but do not sufficiently state any specific representations made by Ralph Dworman, or any representations at all by the other defendants.
To comply with Mass.R.Civ.P. 9(b), the complaint must also set forth the statements made, the period within which they were made, and the defendants’ knowledge of the falsity of the statements. See Schinkel v. Maxi-Holding, Inc., 30 Mass.App.Ct. 41, 48 (1991). The defendants’ motion to dismiss is denied as to Count V. However, this Court grants the plaintiffs leave to amend their complaint within thirty days of the date of this decision to meet the particularity requirements of Mass.R.Civ.P. 9(b). The defendants may resubmit this motion at the end of the thirty-day period.
Count VI of the complaint asserts that the conveyance of three parcels of the Property to Matthew Dworman was fraudulent under G.L.c. 109A, the Uniform Fraudulent Transfer Act. The defendants argue that the complaint lacks the requisite par *628 ticularity, and that the plaintiffs failed to allege their status as creditors under G.L.c. 109A. The statute broadly defines a creditor as a person with “a right to payment, whether or not the right is reduced to judgment . . . disputed, undisputed, legal, equitable, secured, or unsecured.” G.L.c. 109A, §2. See Jorden v. Ball, 357 Mass. 468, 471 (1970). Accepting the plaintiffs’ allegations as true, the complaint states a valid claim under the statute. See Yankee Microwave v. Petricca Communs. Sys., 53 Mass.App.Ct. 497, 515 (2002). The defendants’ motion to dismiss is denied as to Count VI. However, as with the prior count, Count VI lacks sufficient particularity as required under Mass.R.Civ.P. 9(b). See Nota Construction, 45 Mass.App.Ct. at 16. Therefore, this Court grants the plaintiffs leave to amend Count VI within thirty days of the date of this decision to meet the particularity requirements of Mass.R.Civ.P. 9(b). The defendants may resubmit this motion at the end of the thirty-day period.
ORDER
Based on the foregoing, the defendants’ motion to dismiss is ALLOWED as to Counts I and II. The defendants’ motion is DENIED as to Counts III, IV, V and VI, although the defendants may re-file this motion as to Counts V and VI thirty days after the date of this decision.