MacLeod, J.
Plaintiff, City of Woburn brought this action against the National Association of Government Employees, Local RI-96 (defendant) under G.L.c. 150, §11 (a) to vacate an arbitration award issued by Arbitrator Theodore H. O’Brien determining the arbitrability of this case. The defendant asks for a stay of the Arbitrator’s award claiming the decision was within the jurisdiction of the Arbitrator. For the reasons set forth below, the plaintiffs motion for judgment on the pleadings is DENIED and the defendant’s motion for judgment on the pleadings is ALLOWED.
BACKGROUND
Pierce Rhinehardt (Rhinehardt) was a civil service employee of the City of Woburn employed under the provisions of Massachusetts General Law Chapter 31. The National Association of Government Employees, Local Rl-96, represented Rhinehardt in negotiations of the collective bargaining agreement (CBA). The CBA was effective from July 1, 1996 though June 30, 1998.
On December 4, 1997, proceedings began to terminate Rhinehardt via a notice in accordance with G.L.c. 31, §§41-45. Also in accordance with these sections, the employee was allowed a hearing in which the Union represented him. At this hearing, it was noted by the plaintiff that appeals had to be in accordance with the aforementioned sections. On December 15, 1997, Rhinehardt’s employment was terminated and he was properly notified.
The Union chose to appeal Rhinehardt’s termination to arbitration, instead of to Civil Service. The Massachusetts Board of Conciliation and Arbitration appointed Arbitrator Theodore H. O’Brien. On March 2, 1998 the arbitration hearing took place whereupon the Arbitrator determined the sole issue of whether the matter could be arbitrated under the CBA. The Arbitrator answered this question in the affirmative.
During the arbitration it was stipulated that since 1970, no other Civil Service employee of the City of Woburn had appealed termination of employment to arbitration. Article 2 of the CBA had not been altered since 1981. The Arbitrator decided that any grievances from termination under the CBA Article 2 were arbitrable under Article 6 of the same agreement, notwithstanding the fact that Rhinehardt was a Civil Service employee.
DISCUSSION
A plaintiffs and defendant’s Rule 12(c) motion for judgment on the pleadings commences “[a]fter the pleadings are closed but within such time as not to delay the trial.” Mass.R.Civ.P. 12(c). “Plaintiff[s] who move for judgment on the pleadings usually sirgue that the answer fails to controvert any material issue in the complaint and that none of the declarative averments states a legally sufficient affirmative defense.” 6 Mass. Practice Rule §12.16. Therefore making a plaintiffs motion for judgment on the pleadings essentially the same as a pre-Rule demurrer to the answer. Id.
On the other hand, a defendant who moves for judgment on the pleadings is in essence advancing the equivalent to a 12(b)(6) motion: failure to state a claim upon which relief can be granted. In such a case the court accepts the facts as true in favor of the plaintiff. Humbert v. Dworman, 17 Mass. L. Rptr. 625 (2004) (citing Ritchie v. Dept. of State Police, 60 Mass.App.Ct. 655, 659 (2004)). Moreover, a claim should not be dismissed on this motion unless the plaintiff can prove beyond doubt that the plaintiff cannot support its claim with the facts so stated. Id. (citing Nader v. Citron, 372 Mass. 96, 98 (1977)).
Article 2 of the CBA between the City of Woburn and the National Association of Government Employees states “[a]ll employees shall be hired, fired or disciplined according to Civil Service, unless such employee is not covered by Civil Service, in that case such an employee shall not be fired or disciplined except for just cause.” Moreover, the additional article at issue, Article 6 of the CBA, states:
Any grievance, as defined in the Grievance Article of the Agreement, that has been properly and timely processed though the grievance procedure set forth in that Article and that has not been settled at the *547 conclusion thereof, may be appealed to arbitration by the Union or the Employer. The failure to appeal a grievance to arbitration in accordance with this section within thirty (30) calendar days after receipt of the written answer . . .
It is further stated in Article 6 that
[t]he arbitrator shall have jurisdiction over disputes arising out of grievances as defined in this Agreement. The function of the arbitrator is to determine whether or not there has been a violation of specific provision of this Agreement not excluded from arbitration. The arbitrator may only rule on the issues(s) that are stated in the grievance documents and also only the issue(s) which are agreed upon by the parties as being appropriate for submission to arbitration.
The plaintiff contends that the Arbitrator exceeded his jurisdiction in deciding whether the case is arbitrable and further that this decision was not drawn from the CBA. The plaintiff supports this argument by stating additionally that according to Article 2 of the CBA, Civil Service employees can only chose one means of appeal, Civil Service. For the past twenty-seven years this means has in fact been the only one elected by Civil Service employees. The plaintiff also argues that in allowing the arbitration award, in essence, the court is allowing the Civil Service employee two means of appeal: Civil Service and arbitration. This would permit an unnecessary duplication of proceedings, according to the plaintiff.
Conversely, the defendant correctly argues that the means of appeal are not mutually exclusive, that the Union could properly elect arbitration over Civil Service. Furthermore, both parties had agreed to the CBA, specifically Article 2 since 1981, therefore making it known to both parties that arbitration has always been an available alternative. In having equal bargaining power in this agreement, it is difficult to contend that either party lacked like negotiating power.
In Local Union v. City of Chicopee, a dispute had arisen as to the arbitrability of the CBA and the narrow scope of the arbitration clause. Local Union No. 1710, International Association of Fire Fighters AFL-CIO v. City of Chicopee, 430 Mass. 417, 721 N.E.2d 378 (1999). The court decided that when the arbitration clause is narrow in specifying what terms exactly are arbitrable, issues outside that scope are not arbitrable.
Two firefighters represented by the Local Union No. 1710 and employees of the City of Chicopee were injured from what was later determined as work-related injuries. Before it had been determined that the injuries were work-related the employees were not placed on injured leave but rather used their vacation time to account for their absence.
The Union represented them in the CBA. Under the CIBA were terms subject to arbitration that narrowly stated, “as to the meaning, application or interpretation of meaning, application or interpretation of this Agreement relating to wages, hours, standards, of productivity or performance or other terms and conditions of employment.” Id. at 419.
The court determined the issue of timeliness of filing of grievances for lost vacation time was not a matter for the arbitrator because it fell outside of the narrow scope of this arbitration clause in the CBA. The court further determined that a narrow clause in a CBA is one that states with specificity situations in which arbitration is a possibility. This is in contrast with abroad arbitration clause that states in part, “ ‘all disputes’ regarding the agreement aire subject to arbitration.” Id. at 422.
In the case at hand, it is clear from Article 6 of the CBA that the arbitration clause is broad and therefore this case is arbitrable. Furthermore, due to the broadness of the arbitration clause it is assumed that it would cover Article 2 of the CBA because that is a “disputed arising out of grievances as defined in this agreement.”
Furthermore, “there is a presumption of arbitrability in the sense that ‘[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage . . . Such a presumption is particularly applicable where the clause is . . . broad.’ ” City of Lawrence v. Lawrence Patrolman’s Association, 12 Mass. L. Rptr. 281 (2000) (citing Local Union No 1710, International Association of Fire Fighter, AFL-CIO v. Chicopee, 430 Mass. 417, 721 N.E.2d 378 (1999)). In this case, any doubt created by the broad language of the CBA is thus resolved in favor of the defendant.
This contention is also supported by strong public policy in favor of arbitration. Without the support of arbitration, unions and cities alike will stop entering into agreements wherein arbitration is agreed upon and negotiated. “The policy of limited judicial review is reflective of the strong public policy favoring arbitration as an expeditious alternative to litigation for settling commercial disputes.” Plymouth-Carver Regional School District v. J. Farmer & Co., Inc., 407 Mass. 1006, 1007, N.E.2d 1284 (1990) (citing Danvers v. Waxier Constr. Co., 12 Mass.App.Ct. 160, 163, 422 N.E.2d 782 (1981) (quoting Quirk v. Data Terminal Syss., Inc., 379 Mass. 762, 767, 400 N.E.2d 858 (1980))).
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for judgment on the pleadings is DENIED and the defendant’s motion for judgment on the pleadings is ALLOWED.