**AMERICAN ADVERTISING DISTRIBU-TORS, INC., Movant,**

v.

**AMERICAN COOPERATIVE ADVER-TISING, INC., Respondent.**

Supreme Court of Kentucky.

Oct. 12, 1982.

John L. Bennett & Lee E. Sitlinger, Bennett, Bowman, Triplett & Vittitow, Louisville, for movant.

Michael T. Connelly, Connelly, Kaercher, Baltzell & Stamper, Louisville, for respondent.

OPINION OF THE COURT

The issue on this appeal involves the validity and enforcement of a provision in a contract which designates a preselected forum for litigation or arbitration where the complaint attacking the contract alleges fraud in the inducement in the execution of the contract.

Because we feel that the Court of Appeals' opinion well states the issue, we herewith adopt that opinion.

"American Cooperative Advertising, Inc. appeals from an order of the Jefferson Circuit Court dismissing its complaint against American Advertising Distributors, Inc. because of a choice-of-forum provision in a contract between the parties.

On May 7, 1979, the parties entered into a written agreement whereby the appellant was licensed to use the appellee's trade name, trademark, and "unique techniques" in a direct mail advertising business. The appellant paid to the appellee $25,000.00 for this license as required by the agreement. Among the provisions of the agreement is one which states as follows:

This agreement shall be governed by the laws of the State of Arizona, which shall be the forum for any arbitration or litigation arising hereunder; provided all corporate rights, organization and activities of the Licensee shall be controlled by Kentucky law, the place of its incorporation.

In April, 1931, the appellant brought this action against the appellee seeking damages for false representations and for violation of KRS 367.805 *et seq.* The trial court dismissed the complaint, holding that under the above quoted provision of the agreement the State of Arizona was the proper forum for the action. The only question presented to us is whether that court abused its discretion in dismissing the complaint because of the choice-of-forum provision of the agreement. We believe that it did.

This action as pled does not require interpretation of any · provision of the agreement between the parties as was the situation in *Prudential Resources Corp. v. Plunkett,* Ky.App., 583 S.W.2d 97 (1979). It does not even seek to rescind the contract. It appears to us to be primarily an action alleging fraud in the inducement to contract, not one arising out of the agreement itself. We might also add that the circumstances here are otherwise quite unlike those present in *Plunkett,* where neither of the parties was a resident of the Commonwealth of Kentucky, and the party bringing the action in Kentucky had an office in the state which was the forum designated by their agreement."

The opinion of the Court of Appeals is affirmed and the case is remanded to the trial court with instructions to enter an order in compliance with this opinion.

All concur.