Ivan D. MARKS and Lois
Marks, Appellants,

v.

Robert J. BEAN and Mary
Jo Bean, Appellees.

No. 2000–CA–000932–MR.

Court of Appeals of Kentucky.

July 20, 2001.

H. Edwin Bornstein Louisville, KY, for
Appellants.

Douglas E. Miller, Radcliff, KY, for Appellees.

Before COMBS, GUIDUGLI, and MILLER, Judges.

COMBS, Judge:

This is an appeal from a ruling of the Jefferson Circuit Court finding that an arbitration clause in a contract for purchase of real estate was not enforceable. Finding no error, we affirm.

Ivan and Lois Marks (the Markses), appellants, sold their home to Robert J. and Mary Jo Bean (the Beans) pursuant to a contract executed by the parties on December 18, 1998. After taking possession of the house, the Beans discovered serious problems with its brick veneer. On December 16, 1999, the Beans filed a complaint alleging that they were fraudulently induced to enter into the contract and seeking compensatory and punitive damages. The Markses appeal from the opinion and order of the trial court entered March 30, 2000, which denied their motion to stay the action and to compel the Beans to arbitrate their claim. Although interlocutory, such an appeal is allowed pursuant to Kentucky Revised Statutes (KRS) 417.220(1)(a). We are not persuaded that the trial court erred in its determination that the arbitration clause is not enforceable pursuant to KRS Chapter 417.050, a section of the Kentucky Uniform Arbitration Act.

In their complaint, the Beans alleged that the Markses fraudulently induced them to enter into a contract for the purchase of their house by misrepresenting and concealing the defects in its brick veneer. They attached a copy of the disclosure form completed by the Markses prior to the sale, which stated that there were no "defects or problems, current or past, to the structure or exterior veneer." The complaint alleged that the Markses' representations were "false, fraudulent, or so recklessly made as to indicate a total disregard for the truth of the contents of the [disclosure] form" and that the Markses "were aware of the condition of the brick and consciously sought to conceal" the problem from the Beans. The Beans also asserted a claim [1] against Home Inspections, Inc., alleging that it was negligent in performing an inspection of the property. In addition to an amount sufficient to repair the brick veneer, the Beans sought punitive damages.

In response to the complaint, the Markses filed a motion to dismiss the action for lack of subject matter jurisdiction, or, in the alternative, for an order staying the action and compelling arbitration in accordance with paragraph 15 of the "Sales and Purchasing Contract," which provides:

> **BINDING ARBITRATION:** All claims or disputes of Sellers, Buyers, brokers, or agents or any of them arising out of this contract or the breach thereof or arising out of or relating to the physical condition of the property covered by this purchase agreement (including without limitation, claims of fraud, misrepresentation, warranty and negligence) shall be decided by binding arbitration in accordance with the rules for the real estate industry, then in effect, adopted by the American Arbitration Association unless the parties mutually agree otherwise. Notice of the demand for arbitration shall be filed in writing by registered or certified mail with the other parties to the contract and with the American Arbitration Association or other arbitrators which the parties may agree upon and shall be made within one year after the dispute has arisen. An actual oral hear-

---

1. That claim has not been resolved, but it is not relevant to this appeal.

ing shall be held unless the parties mutually agree otherwise. The Kentucky Real Estate Commission still retains jurisdiction to determine violations of KRS 324.160. Any proceeding pursuant to KRS 324.420(1) to determine damages shall be conducted by an arbitrator pursuant to this clause and not in court. By signing below, the agents, on behalf of themselves and their brokers, agree to be bound by this arbitration clause, but are not parties to the contract for any other purpose. The terms of this Paragraph 15 shall survive the closing.

The Beans offered two theories in support of their challenge to the validity of the arbitration clause. First, they relied on the merger doctrine discussed in *Borden v. Litchford*, Ky.App., 619 S.W.2d 715 (1981), arguing that the arbitration clause did not survive the closing as it was not contained in the deed of conveyance. They also asserted that the arbitration clause was not enforceable pursuant to KRS 417.050. The pertinent parts of this statute provide:

A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, **save upon such grounds as exist at law for the revocation of any contract.** (Emphasis added.)

The Beans contend that the emphasized portion of the statute directly applies to their claim of fraud in the inducement of the underlying contract. The Markses argue that the section applies only when the validity of the arbitration clause itself is in question.

Citing authorities from other jurisdictions, the trial court concluded that "the doctrine of merger is a rule of presumed intention." Construing the express language in the contract that paragraph 15 "shall survive the closing," the trial court determined that the merger doctrine did not affect the continued viability of the arbitration provision. However, the trial court refused to enforce the arbitration clause based on its interpretation of KRS 417.050. It concluded:

[T]he Beans allege that the Markses fraudulently concealed or misrepresented the condition of the brick veneer. While the Beans have chosen to affirm the contract and pursue damages, they have alleged a cause of action, fraud, which presents grounds at law for the revocation of their contract. The existence of fraud is a factual question to be determined by the trier of fact. Therefore, the Court finds that the arbitration clause in the parties' sales contract is not enforceable.

The Court notes the language of the arbitration clause purporting to reserve issues of fraud and misrepresentation for arbitration. This language cannot override the public policy embodied in KRS 417.050 which directs that arbitration agreements will not be enforced when grounds exist for the revocation of the contract subject to the arbitration agreement.

The Markses have devoted a considerable portion of their brief to the trial court's ruling with respect to the merger doctrine—a ruling which was favorable to them. We find no reason to address the merger doctrine. The only issue before us is whether the trial court properly construed KRS 417.050 as precluding enforcement of an arbitration clause where the party opposing arbitration, instead of challenging the arbitration clause itself, alleges that the underlying contract was procured by fraud. This issue has not been addressed in a reported decision in Kentucky.

The Markses argue that the trial court misconstrued the statute. They correctly point out that: (1) KRS 417.050 is nearly identical to its counterpart in the Federal Arbitration Act, 9 U.S.C. § 2 (applicable when interstate commerce is involved); and that (2) the majority of federal and state courts in jurisdictions that have adopted the Uniform Arbitration Act (*i.e.*, the exception language of KRS 417.050) have determined the savings clause to apply only where a claim of fraudulent inducement is made with respect to the agreement to arbitrate and not to the underlying contract in general. *See e.g., Prima Paint Corporation v. Flood and Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Quirk v. Data Terminal Systems, Inc.*, 379 Mass. 762, 400 N.E.2d 858 (1980). *See also*, Annot., *Claim of Fraud in Inducement of Contract as Subject to Compulsory Arbitration Clause Contained in Contract*, 11 A.L.R.4th 774 (1982).

 Since the proper construction of a statute is a matter of law, it is subject to *de novo* review on appeal. *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth*, Ky., 983 S.W.2d 488, 490 (1998). We must give the statute a reasonable construction consistent with the Legislature's intent. We also note that Kentucky law generally favors arbitration agreements. *See Kodak Mining Company v. Carrs Fork Corp.*, Ky., 669 S.W.2d 917 (1984). The Markses urge us to endorse the majority view that looks to fraud in the inducement to *arbitrate* as opposed to any fraud attaching to the underlying contract. Our review persuades us that the decisions reached by the minority of jurisdictions addressing this issue are more just and that they correspond more harmoniously to the public policy and legislative intent contained in KRS 417.050.

In *Shaffer v. Jeffery*, 915 P.2d 910 (Ok. 1996), the Oklahoma Supreme Court refused to compel contracting parties to arbitrate their claims where the plaintiffs had alleged that the underlying contracts—and not merely the arbitration clauses—were induced by fraud. The Court discussed *Prima Paint, supra*, and its progeny and held as follows:

> Prima Paint is grounded on what is known as the separability doctrine: that the arbitration clause is a severable part of the contract. Thus where there are no allegations of fraud in the making of the specific agreement to arbitrate, that agreement to arbitrate is separable and stands apart from allegations of infirmities with the other provisions of the agreement. [Citations omitted.] But the separability doctrine has not met with universal favor.
>
> . . . .
>
> One problem with this approach is that even where the separability doctrine is enforced there are still certain claims that may be made, including those that are unsupported, resulting in judicial adjudication and delay of arbitration. For example, allegations concerning the formation of the arbitration agreement itself must be judicially adjudicated prior to arbitration, even when it is ultimately determined that those allegations were insufficient. [Citations omitted.]
>
> . . . .
>
> When examining the separability doctrine courts have explained that a statute similar to our § 802(A), as part of an arbitration act, makes arbitration agreements valid, enforceable and irrevocable, except upon such grounds as exist at law or in equity for the revocation of any contract as applied to that arbitration agreement itself, and not the underlying contract. *Quirk v. Data Terminal Systems, Inc.*, 400 N.E.2d at 861. The

Minnesota Supreme Court has concluded as a matter of law that an arbitration agreement cannot be severed from the other contractual provisions contained in a contract. *Atcas v. Credit Clearing Corporation of America*, 292 Minn. 334, 197 N.W.2d 448 (1972). The Minnesota, Tennessee [2] and Louisiana [3] approaches make more sense to us than Prima Paint and its separability doctrine. We therefore construe § 802(A) as applying not only to the arbitration agreement itself but also to a contract containing an arbitration agreement.

*Shaffer*, at 916–917.

■ The contract executed by the parties is a standard form drafted by the Louisville Board of Realtors. Its arbitration clause is obviously designed to protect member real estate agents and brokers from litigation. These facts alone do not address the legal elements of whether the clause is enforceable. We believe that the Markses' interpretation of KRS 417.050 disproportionately elevates the policy favoring arbitration over the strong public policy against fraud. The clear and plain language of that statute dictates a legislative intent that innocent parties not be forced to comply with an arbitration provision in contracts tainted by fraud. It creates an explicit exception to the general enforceability of arbitration clauses: "save upon such grounds as exist *at law for the revocation of any contract.*" KRS 417.050 (Emphasis added.) We do not believe the trial court's application of KRS 417.050 to the facts in this case in any way harms or undermines the arbitration process. As noted in *Atcas, supra,*

When the making of the agreement itself is put in issue, as is the result of a claim of fraud in the inducement, that issue is more properly determined by those trained in the law. Issues involving a breach or violation of the agreement, which are primarily issues of fact, can be more properly left to the expertise of those trained in the respective fields of arbitration. There is ample encouragement for both approaches within the terminology of the statute.

■ The Markses argue in the alternative that even if we were to accept the trial court's interpretation of KRS 417.050, the Beans would not be entitled to litigate their fraud claim since they have not sought recission of the contract. We disagree that the Beans' election of remedies compels a different application of KRS 417.050. KRS 417.050 does not require a plaintiff to seek recission of the contract in order to avoid its arbitration provisions; the allegation of the existence of grounds for revocation suffices. We have considered the authorities cited by the appellants from other jurisdictions; however, we find support for the trial court's decision in *American Advertising Distributors, Inc. v. American Cooperative Advertising, Inc.*, Ky., 639 S.W.2d 775 (1982), a Kentucky case that is somewhat analogous although arbitration itself was not the central issue. *American Advertising* involved the validity of a contract provision which designated Arizona as the forum for any litigation or arbitration arising between the parties. Deferring to the choice-of-forum provision, the trial court dismissed an action brought in Kentucky for damages for false representations. We reversed that dismissal. In upholding this court's reversal of that dismissal, the Supreme Court held:

This action as pled does not require interpretation of any provision of the

---

**2.** *City of Blaine v. John Coleman Hayes & Associates, Inc.*, 818 S.W.2d 33, 37–38 (Tenn. App.1991).

**3.** *George Engine Company, Inc. v. Southern Shipbuilding Corporation*, 350 So.2d 881 (La. 1977).

agreement between the parties.... It does not even seek to rescind the contract. It appears to us to be primarily an action *alleging fraud in the inducement to contract,* not one arising out of the agreement itself. (Emphasis added.)

*Id.* at 776.

As in *American Advertising,* the Beans' complaint does not "require interpretation of any provision of the agreement" but instead concerns fraud and misrepresentation which allegedly occurred prior to the contract. Their action "rests not upon contract but in tort for the act of misrepresentation." *Ferguson v. Cussins,* Ky.App., 713 S.W.2d 5, 6 (1986). We hold that the arbitration clause in this case falls squarely within the public policy exception of KRS 417.050 that protects parties to a contract from fraudulent inducement—regardless of its boiler—plate recitations as to arbitrability.

The order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.