Peter PAVKOVICH and Donna
Pavkovich, Appellants,

v.

Hany SHENOUDA; Therese Shenouda;
Liz Hudson; and Bob Hayes Realty
Company, Appellees.

Nos. 2005–CA–000866–MR,
2006–CA–001334–MR.

Court of Appeals of Kentucky.

March 27, 2009.

Paul R. Schurman, Jr., Louisville, KY, for appellants.

W. Kenneth Nevitt, Louisville, KY, for appellees, Hany and Therese Shenouda.

Michael Lawrence, Louisville, KY, for appellees, Liz Hudson and Bob Hayes Realty.

Before COMBS, Chief Judge; ACREE and TAYLOR, Judges.

## OPINION AND ORDER

ACREE, Judge.

In the first of two consolidated appeals, Peter and Donna Pavkovich seek review of the Jefferson Circuit Court's dismissal of their breach of contract and fraudulent misrepresentation claims. These claims were dismissed because the parties had agreed to arbitrate such claims. In their second appeal, the Pavkoviches seek review of the arbitrator's decision, affirmed by the circuit court, that the demand for arbitration was not timely. Because this Court is without jurisdiction, as described *infra*, we dismiss both appeals.

## FACTS AND PROCEDURAL HISTORY

The procedural history of this case is at least as important as its factual history. Therefore, we proceed with a chronological description of both the factual and procedural events of this case.

On November 10, 2001, the Pavkoviches agreed to purchase real property from Hany and Therese Shenouda. The Shenoudas were assisted by real estate agent Liz Hudson, an agent with the brokerage firm of Bob Hayes Realty Company. The parties used a standardized "Sales and Purchasing Contract" form provided by the Greater Louisville Association of Realtors for use by its members, including Hudson. The contract included an arbitration clause that read, in pertinent part:

17. BINDING ARBITRATION: All claims or disputes ... arising out of this contract or the breach thereof or arising out of or relating to the physical condition of the property covered by this purchase agreement (including without limitation, claims of fraud, misrepresentation, warranty and negligence) shall be decided by binding arbitration in accordance with the rules for the real estate industry, then in effect, adopted by the American Arbitration Association unless the parties agree otherwise.

This language was followed by terms defining how and when an arbitration was to be commenced.

Notice of the demand for arbitration shall be filed in writing by registered or certified mail with the other parties to the contract and with a register arbitrator (a list of which is available at the Greater Louisville Association of Realtors main office) or other arbitrators which the parties may agree upon and shall be made within one (1) year after the dispute has arisen.... [T]he agents ... and their brokers, agree to be bound by this arbitration clause, but are not parties to this contract for any other purpose. The terms of this Paragraph 17 shall survive the closing.

Subsequent to the closing and transfer of title, the Pavkoviches came to believe that the Shenoudas, Hudson and Hayes Realty had defrauded them in their purchase, and that the Shenoudas had also breached the sales and purchase contract. On July 19, 2002, they filed a civil action in Jefferson Circuit Court alleging breach of

contract against the Shenoudas and fraud against the Shenoudas, Hudson and Hayes Realty.

On December 2, 2003, Hudson and Hayes Realty moved to dismiss the complaint and send the matter to arbitration. The Pavkoviches responded, citing *Marks v. Bean,* 57 S.W.3d 303 (Ky.App.2001), *overruled by Louisville Peterbilt, Inc. v. Cox,* 132 S.W.3d 850 (Ky.2004), and its reference to "a legislative intent that innocent parties not be forced to comply with an arbitration provision in contracts tainted by fraud." *Id.* at 307. Hudson's and Hayes' motion to dismiss was denied on January 7, 2004.

On May 13, 2004, the case of *Louisville Peterbilt, Inc. v. Cox,* 132 S.W.3d 850 (Ky. 2004), became final. As noted *supra, Peterbilt* reversed *Marks* in favor of a more limited view. The Supreme Court in *Peterbilt* held that "a claim of fraud in the inducement of the underlying contract in general is arbitrable, unless the claim goes to the making or performance of the arbitration agreement itself." *Peterbilt* at 852. The Pavkoviches's claim of fraud did not go to the making or performance of the arbitration agreement itself.

On July 26, 2004, citing *Peterbilt,* the Shenoudas filed a motion to dismiss the Pavkoviches's complaint on grounds that the parties had agreed to submit the matter to arbitration. The Pavkoviches filed no response to the motion but, on August 4, 2004, they did file a motion "to amend their Complaint to include a claim for fraudulent inducement in to [sic] entering in to [sic] the arbitration clause of the subject Contract." This motion was heard on August 9, 2004, at which time the circuit judge wrote, by hand, on the Pavokoviches tendered order "Motion denied[;] Cancel 8/24 jury trial[;] Refer to Arbitration[.]" The Pavkoviches did not appeal this order.

On August 17, 2004, the Jefferson Circuit Court "ORDERED AND ADJUDGED that the Plaintiffs' Complaint be and hereby is DISMISSED WITH PREJUDICE." The judge then wrote in, by hand, "and the parties are referred to arbitration." This was a final and appealable judgment. Kentucky Rules of Civil Procedure (CR) 54.01. The Pavkoviches did not file a motion to alter, amend or vacate this judgment within ten (10) days as required by CR 59.05. Nor did they file a notice of appeal of this judgment within thirty (30) days of its entry as required by CR 73.02(1)(a).

Instead, on February 2, 2005, nearly five months after the order dismissing their complaint became final, the Pavkoviches filed a motion asking the circuit court to order the parties to commence arbitration and asking that the "Court find that the contractual requirement for notice of arbitration was tolled until August of 2004 at which time, via the Court's order, notice to arbitrate was given." The motion ended with the request that the circuit court "amend its August Order to read as such." The Shenoudas responded by asserting that the circuit court no longer had subject matter jurisdiction.

On February 8, 2005, the circuit court ordered the parties to brief the issue, which they did. On March 24, 2005, the circuit court entered an order holding as follows:

> The new question of whether the sales and purchasing contract's requirement that notice for [sic] demand for arbitration be given within one year of the dispute had been tolled until this Court's ruling in August 2004 is a procedural matter reserved for the decision of an arbitrator, not the courts. [Citation omitted] . . . . This court finds that it no longer has jurisdiction over any of the issues outlined in this action and, ac-

cordingly, will refer all claims to arbitration.

The Pavkoviches filed a Notice of Appeal of this order on April 7, 2005.

On June 24, 2005, the Pavkoviches complied with the arbitration agreement and gave the proper parties notice of their demand for arbitration. This was some three and one-half years after discovering their claim.

The Shenoudas filed a motion with the arbitrator to dismiss the arbitration on grounds that the Pavkoviches failed to make a timely demand for arbitration. The Pavkoviches responded by arguing that the one-year period to demand arbitration was tolled while litigation was pending in Jefferson Circuit Court. The arbitrator did not agree with the Pavkoviches and, on January 5, 2006, he dismissed the arbitration.

The Pavkoviches decided to seek vacation of the arbitration award. Rather than filing a new action pursuant to Kentucky Revised Statutes (KRS) 417.160, on April 4, 2006, they filed another motion in the same action that had become final in September 2004.

On April 12, 2006, without addressing whether it had subject matter jurisdiction, the circuit court entered an order requiring simultaneous briefing and setting the matter for a hearing. All parties filed briefs.

On June 6, 2006, the Jefferson Circuit Court rendered its decision, holding as follows:

> [T]he Court first agrees with the arbitrator that 10 days following the entry of this Court's order on August 17th, 2004, dismissing the Plaintiffs' complaint, this Court lost jurisdiction over the dispute.... [T]he Court does not remember why it reconsidered this matter in

the spring of 2005 upon the Plaintiffs' motion....

> [Nevertheless, the Court] also clarified that the arbitrator would determine upon counsels' legal arguments whether the Court's August 2004 order tolled the Sales and Purchasing Contract's notice clause.

> KRS 417.160 provides that a Court may vacate the decision of an arbitrator [under specific circumstances]. The Court finds that none of these applies [sic]. Thus the arbitrator's decision must be affirmed....

> The Plaintiffs' motion to vacate the arbitrator's award is denied.... There being no just cause for delay, this is again a final and appealable order.

## JURISDICTION

■ This case would present interesting issues, if only we could reach them. Unfortunately, the Jefferson Circuit Court lost jurisdiction of the subject matter of Civil Action No. 02–CI–5425 on August 27, 2004, ten days after it entered the order dismissing the Pavkoviches' claims with prejudice. That order was not appealed. Therefore, this Court did not obtain jurisdiction to address that dismissal.

The circuit court had no jurisdiction to enter the March 24, 2005, order that was appealed and that order is void. In this case, as in *Mathews v. Mathews,* 731 S.W.2d 832 (Ky.App.1987),

> the fact which renders the judgment void, "namely, the lack of jurisdiction in the court to render [it], appears on the face of the record." *Commonwealth v. Jefferson County,* 300 Ky. 514, 189 S.W.2d 604, 606 (1945). Such a judgment, unlike one which is merely erroneous or voidable, is not entitled to any respect or deference by the courts of the Commonwealth but instead is "open to attack anytime and any place." *Grubb*

*v. Wurtland Water District,* Ky., 384 S.W.2d 321 (1964).

*Mathews* at 833 (Ky.App.1987). Consequently, we must dismiss the Pavkoviches' first appeal (No.2005–CA–000866).

 For similar reasons, we must dismiss the second appeal. We have already held that the Jefferson Circuit Court lost subject matter jurisdiction on August 27, 2004. Once lost, jurisdiction must be invoked anew, independently of the previous action that has achieved finality.

 "[T]he source of the court's jurisdiction to act in arbitration matters is wholly derived from the Uniform Arbitration Act." *Artrip v. Samons Const., Inc.,* 54 S.W.3d 169, 172 (Ky.App.2001). And so we look to the Act.

KRS 417.060(3) and (4) contemplate the situation the Pavkoviches faced in August 2004.

(3) If an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court having jurisdiction to hear applications under subsection (1) of this section [to compel arbitration], the application shall be made therein. Otherwise and subject to KRS 417.210, the application may be made in any court of competent jurisdiction.

(4) Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section; or if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.

Unfortunately, the Pavkoviches did not seek application to compel arbitration while the Jefferson Circuit Court still retained jurisdiction. Had they done so, the court would have had to comply with KRS 417.060(3) and (4). Instead, the court ordered all claims dismissed with prejudice, and no appeal was taken from the order. This left the Pavkoviches in the same position with regard to the arbitration as if no litigation had ever been filed. Consequently, when they were displeased with the arbitrator's determination, they were required to invoke the jurisdiction of the Jefferson Circuit Court all over again.

 To vacate the arbitrator's decision, the Pavkoviches had to comply with KRS 417.160. This statute permits a court to vacate an award "[u]pon application of a party," provided the court is satisfied that the application is well-founded upon the grounds enumerated therein. KRS 417.190 governs those "Applications to court."

[A]n application to the court under this chapter shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions in civil cases. Unless the parties have agreed otherwise, notice of an initial application for an order shall be served in the manner provided by law for the service of summons in civil cases.

While the use of the term "motion" in the statute is somewhat confusing, we believe an initial application for the purpose of vacating an arbitrator's award requires the party seeking to vacate the award to invoke the circuit court's jurisdiction by commencing an action and issuing summons. *See Mize v. Hughes,* 994 S.W.2d 16, 18 (Ky.App.1998)("[T]he jurisdiction of a circuit court is invoked by the filing of a complaint and the issuance of a summons in accordance with CR 3."); *see also Paul v. Smith,* 82 Ky. 451, 456, 6 Ky.L.Rptr. 531, 1885 WL 5736 at *4 (1885)("[A]n action is commenced by filing a petition, and causing a summons to be issued or a warn-

ing order to be made; and when once properly commenced, the jurisdiction of the court to proceed is acquired[.]"). The Pavkoviches did not do so and thereby failed to invoke the jurisdiction of the Jefferson Circuit Court.

Instead, they attempted to resurrect the circuit court's jurisdiction by filing a motion in a case that had long before become final. When the circuit court acted on that motion, it did so without subject matter jurisdiction. Consequently, like the March 24, 2005 order, the order entered June 6, 2006, is void and this appeal seeking review of that order must be dismissed.

## CONCLUSION

For the foregoing reasons, the two separate appeals from the Jefferson Circuit, No.2005–CA–000866 and No.2006–CA–001334, are hereby DISMISSED.

ALL CONCUR.