RENDERED: JULY 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0532-MR

TOTAL HOME PROTECTION                                        APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE MARY M. SHAW, JUDGE
ACTION NO. 19-CI-001489


ANDREW J. SCHEUMANN AND
CHAPIN E. SCHEUMANN                                          APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND LAMBERT, JUDGES.

CETRULO, JUDGE: Appellant Total Home Protection ("THP") appeals the

Jefferson Circuit Court order denying its motion to dismiss and to compel

arbitration. Upon review of the record and relevant caselaw, we reverse and

remand for findings of fact and conclusions of law.

# BACKGROUND AND PROCEDURAL HISTORY

In June 2018, Appellees Andrew and Chapin Scheumann (together, the "Scheumanns") purchased their home in Louisville and entered into a Platinum Home Warranty Agreement ("Agreement") with THP. The Agreement stated that THP would cover the costs to repair or replace covered systems outlined in the plan (*e.g.*, the water heater, heating system, refrigerator, *etc.*). Section IX of the Agreement provided that the parties would resolve all disputes arising under the contract through mandatory arbitration; the Scheumanns would waive certain types of damages; limit their recovery to $1,500; waive their right to a jury trial; and waive their right to litigate any disputes arising under the contract in the courts. In pertinent part, the Agreement stated:

**IX. MEDIATION**

. . .

A. Any and all disputes, claims and causes of action arising out of or connected with this Agreement shall be resolved individually, without resort to any form of class action, and exclusively by the American Arbitration Association under its Commercial Mediation Rules. Controversies or claims shall be submitted to arbitration regardless of the theory under which they arise, including without limitation contract, tort, common law, statutory, or regulatory duties or liability.

B. Any and all claims, judgments and awards shall be limited to actual out of pocket costs incurred to a

maximum of $1500 per claim, but in no event attorneys' fees.

C. Under no circumstances will you be permitted to obtain awards for, and you hereby waive all rights to claims, indirect, punitive, incidental and consequential damages and any other damages, other than for actual out-of-pocket expenses, and any and all rights to have damages multiplied or otherwise increased. . . .

. . .

D. . . . THE PARTIES UNDERSTAND THAT THEY WOULD HAVE HAD A RIGHT TO LITIGATE THROUGH A COURT, TO HAVE A JUDGE OR JURY DECIDE THEIR CASE AND TO BE PARTY TO A CLASS OR REPRESENTATIVE ACTION, HOWEVER, THEY UNDERSTAND AND CHOOSE TO HAVE ANY CLAIMS DECIDED INDIVIDUALLY, THROUGH ARBITRATION.

In January 2019, the Scheumanns' heating system stopped working properly, so they alerted THP of the issues and requested that THP repair it under the Agreement. In accordance with the Agreement, THP assigned a contractor to address the Scheumanns' request. After some apparent poor communication and incompetent work on the part of the contractor, the contractor failed to resolve the issues. As a result, the Scheumanns were without a functioning furnace for a week and bought a space heater to keep their residence warm.

After two months of disagreements and miscommunication between the parties, on March 8, 2019, the Scheumanns filed a complaint against THP and

the contractor[1] in Jefferson Circuit Court, despite the arbitration agreement. The first amended complaint,[2] amended on March 21, 2019, alleged THP transacted business without authority; violated the Consumer Protection Act; breached the Agreement; committed two counts of fraudulent misrepresentation; negligently hired or retained the contractor; committed negligence; committed gross negligence; and that Section IX of the Agreement, including the arbitration clause, was unconstitutional.

After alleged difficulties serving process to THP – in which THP later filed affidavits arguing it was never properly served – the Scheumanns filed an affidavit claiming THP was properly served on March 26, 2019. Therefore, the Scheumanns claimed a responsive pleading was due no later than April 15, 2019. When they did not receive as much, they moved for default judgment on April 17, 2019. The circuit court then granted default judgment on April 19, 2019.

In pertinent part, the tendered order said, "Default Judgment is entered in favor of [the Scheumanns] and against [THP] on Count XVI of [the Scheumanns'] First Amended Complaint, Constitutionality of Section IX of [Agreement]." It further detailed that it would issue a subsequent order concerning

---

[1] As the claims against the contractor are not before us, we will focus only on the claims involving THP.

[2] The first amended complaint updated THP's address after service to the original address was unsuccessful.

a hearing on damages.  After the damages hearing, the circuit court issued an order in October 2019 that awarded the Scheumanns a total of $108,901.12, detailed as follows:  $665.17 in actual damages (the maximum allotted); $25,000 for mental and physical pain and suffering of Andrew Scheumann; $25,000 for mental and physical pain and suffering of Chapin Scheumann; $50,000 in punitive damages; $998 for violating KRS[3] 14A.9-010[4] (the maximum allotted); and $7,237.95 for legal fees and expenses.[5]

At some point thereafter, with that damages award in hand, the Scheumanns filed the judgment in THP's home state to recover the listed damages. At that point, THP claimed it first became aware of the Scheumanns' case against it.  As such, THP filed a motion to set aside and vacate the default judgment in April 2020.  In that motion, THP argued, in pertinent part, that it was not properly served and that the circuit court did not have proper jurisdiction because the Scheumanns agreed to mandatory arbitration.  Further, THP argued that the judgment awarding damages should be vacated because the court made no findings of fact and conclusions of law to support the award and the vast majority of the

---

[3] Kentucky Revised Statute.

[4] This statute, titled "Authority to transact business required; certificate of authority required for award of state contract; exception for foreign insurer[,]" governed THP's business transactions in Kentucky.

[5] Although the Scheumanns are *pro se* appellees, and were *pro se* plaintiffs below, Chapin Scheumann is a licensed and practicing attorney in Kentucky and billed her hours accordingly.

award – aside from $665.17 in actual damages – was specifically prohibited by the Agreement.

The next month, in May 2020, the circuit court entered an order setting aside and vacating the default judgment, in part ("Order Vacating in Part"). It ordered "that the 4/19/19 Order Granting Default Judgment stands, however, the Order of Judgment entered in this proceeding on October 18, 2019, as to damages, in favor of the [Scheumanns] is set aside, and vacated and declared null and void. IT IS FURTHER ORDERED that [THP] is hereby granted a new hearing on damages." The Order Vacating in Part did not contain "final and appealable" language.

THP then filed a motion to dismiss and to compel arbitration in February 2021.[6] THP asked the circuit court to dismiss the case and compel the parties to arbitrate as required under KRS 417.060(1). In April 2021, the circuit court denied THP's motion, stating it had previously held in its default judgment that the arbitration provision in the Agreement was unconstitutional. In so concluding, the circuit court determined the "procedural posture of this action compels denial of THP's motion."

THP now appeals the denial of its motion to compel arbitration, arguing that the circuit court erred when it (1) failed to enforce a valid arbitration

---

[6] The status of the new hearing on damages is not clear in the record.

agreement; (2) found the arbitration provision was unconstitutional; and (3) failed

to provide appropriate findings of fact and conclusions of law.

## STANDARD OF REVIEW

[A]n order denying a motion to compel arbitration is immediately appealable. KRS 417.220(1). *See also Conseco Finance Servicing Corp. v. Wilder*, 47 S.W.3d 335, 340 (Ky. App. 2001). The enforcement and effect of an arbitration agreement is governed by the Kentucky Uniform Arbitration Act (KUAA), KRS 417.045 *et seq.*, and the Federal Arbitration Act, (FAA) 9 U.S.C.[7] §§ 1 *et seq.* "Both Acts evince a legislative policy favoring arbitration agreements, or at least shielding them from disfavor." *Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581, 588 (Ky. 2012).

But under both Acts, a party seeking to compel arbitration has the initial burden of establishing the existence of a valid agreement to arbitrate. *Id.* at 589. That question is controlled by state law rules of contract formation. *Id.* at 590. The FAA does not preempt state law contract principles, including matters concerning the authority of an agent to enter into a contract and which parties may be bound by that contract. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31, 129 S. Ct. 1896, 1902, 173 L. Ed. 2d 832 (2009). Since this matter is entirely an issue of law, our standard of review is *de novo*. *Conseco*, 47 S.W.3d at 340.

*New Meadowview Health and Rehab. Ctr., LLC v. Booker*, 550 S.W.3d 56, 58 (Ky.

App. 2018) (footnote omitted).

---

[7] United States Code.

# ANALYSIS

As an initial matter, the Scheumanns argue that this Court does not have the requisite jurisdiction to review this claim under *Pavkovich v. Shenouda*, 280 S.W.3d 584 (Ky. App. 2009). We do not agree. Alternatively, THP argues this appeal is properly before this Court and that the circuit court's denial of its motion to compel arbitration did not comply with Kentucky law. We agree.

## A.    Jurisdiction

Before we analyze THP's claims regarding the circuit court's denial of it motion to compel arbitration, we will address the Scheumanns' argument that this Court does not have proper authority to review such claims. Citing to this Court's decision in *Pavkovich*, the Scheumanns claim THP forfeited its opportunity to challenge the circuit court's findings regarding the arbitration clause when it failed to appeal the Order Vacating in Part. Therefore, the Scheumanns argue that the arbitration issue is not properly before this Court. We find the Scheumanns' argument to be unconvincing under *Pavkovich*.

In *Pavkovich*, the plaintiffs filed a motion to amend their complaint in hopes of invalidating an arbitration clause the circuit court had previously upheld.[8] *Id.* at 586. After hearing the motion, the circuit court denied it and confirmed its

---

[8] The plaintiffs learned they needed to submit a claim for fraud in the inducement of the contract in order to attack the validity of the arbitration agreement. *Id.* A standard fraud claim would not suffice, as they had previously attempted. *Id.*

referral to arbitration. *Id.* The plaintiffs did not appeal that order. *Id.* About a week later, the circuit court "ORDERED AND ADJUDGED that the Plaintiffs' Complaint be and hereby is DISMISSED WITH PREJUDICE." *Id.* The judge then wrote in the order that the parties were referred to arbitration. *Id.* This Court explained that such order "was a final and appealable judgment" under CR[9] 54.01. *Id.* Therefore, when the plaintiffs failed to "file a motion to alter, amend or vacate th[at] judgment within ten (10) days as required by CR 59.05[ ] [n]or . . . file a notice of appeal of th[e] judgment within thirty (30) days . . . as required by CR 73.02(1)(a)[,]" the circuit court "no longer had subject matter jurisdiction." *Id.*

Instead, the plaintiffs waited a few months then filed a motion asking the circuit court "to order the parties to commence arbitration[,]" toll the "contractual requirement for notice of arbitration[,]" and amend its previous order to say the same. *Id.* However, the circuit court explained that it had already referred the claims to arbitration; therefore, the circuit court "no longer [had] jurisdiction over any of the issues outlined in [the] action and, accordingly, w[ould] refer all claims to arbitration." *Id.* at 586-87. The plaintiffs then appealed that order. *Id.* at 587.

In the meantime, the plaintiffs finally provided arbitration notice to the appropriate parties; however, by that time, three and a half years had passed

---

[9] Kentucky Rule of Civil Procedure.

since the plaintiffs discovered their claim, so the arbitrator dismissed the proceedings. *Id.* The plaintiffs then tried to vacate that arbitration award with the circuit court instead of filing a new action under KRS 417.160.[10] *Id.* This Court found that the matter involving the circuit court was already final by that point; therefore, as it had stated, it no longer had subject matter jurisdiction. *Id.* By extension, "this Court did not obtain jurisdiction to address that dismissal." *Id.* Further, this Court found:

> "[T]he source of the court's jurisdiction to act in arbitration matters is wholly derived from the Uniform Arbitration Act." *Artrip v. Samons Const., Inc.*, 54 S.W.3d 169, 172 (Ky. App. 2001). And so we look to the Act.
>
> KRS 417.060(3) and (4) contemplate the situation the [plaintiffs] faced in August 2004.
>
> > (3) If an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court having jurisdiction to hear applications under subsection (1) of this section [to compel arbitration], the application shall be made therein. Otherwise and subject to KRS 417.210, the application may be made in any court of competent jurisdiction.
> >
> > (4) Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section; or if the issue is severable, the stay may be with respect thereto

---

[10] KRS 417.160 "provides that a Court may vacate the decision of an arbitrator under specific circumstances." *Pavkovich*, 280 S.W.3d at 587.

> only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.
>
> Unfortunately, the [plaintiffs] did not seek application to compel arbitration while the Jefferson Circuit Court still retained jurisdiction. Had they done so, the court would have had to comply with KRS 417.060(3) and (4). *Instead, the court ordered all claims dismissed with prejudice*, and no appeal was taken from the order. This left the [plaintiffs] in the same position with regard to the arbitration as if no litigation had ever been filed. Consequently, when they were displeased with the arbitrator's determination, they were required to invoke the jurisdiction of the Jefferson Circuit Court all over again.

*Id.*

Citing *Pavkovich*, the Scheumanns claim the circuit court here also lost its jurisdiction, thereby removing this Court's jurisdiction to review the claims. However, *Pavkovich* is clearly distinguishable from the case before us. Here, the circuit court neither dismissed the claims nor referred the claims to arbitration. In fact, the record does not suggest that the circuit court ever reviewed the Agreement or arbitration clause at all. Instead, the circuit court granted default judgment on the Scheumanns' claims wholesale and failed to address the specific issue of arbitrability at any point throughout the proceedings below.

Because the circuit court did not refer the claims to arbitration nor dismiss the claims, the attempted comparison to *Pavkovich* is unconvincing.

Therefore, the circuit court retained its jurisdiction over the Scheumanns' claims when it denied THP's motion to compel arbitration.

### B. Lawfulness of Appeal

Now, we turn to THP's claims. First, THP argues that it properly appealed the denial of its motion to compel arbitration; and second, that the circuit court's denial did not comply with Kentucky caselaw. Alternatively, the Scheumanns argue that THP should not have appealed the motion to compel arbitration and instead should have appealed the Order Vacating in Part.

Generally, for this Court to review an order, it must be final and appealable. CR 54.02.[11] Typically, those "magic words" – final and appealable – must be present in the order. *Id.* However, "[t]he magic words required by CR 54.02 for finality" are not required when the order is final in spirit and leaves "nothing to adjudicate regarding the rights and priorities of the parties." *Security Federal Sav. & Loan Ass'n of Mayfield v. Nesler*, 697 S.W.2d 136, 138-39 (Ky. 1985).[12] While the Scheumanns insist THP should have appealed the Order

---

[11] In pertinent part, CR 54.02 states, "The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[12] There, our Supreme Court determined the order was final and appealable because it "set out the validity, amount and priority of each of the claims of the parties . . . ." *Id.* at 138.

-12-

Vacating in Part, THP argues that that order was not final and appealable. Therefore, THP argues it was proper to file a motion to compel arbitration and then appeal its denial. We agree.

Not only did the Order Vacating in Part not contain the "final and appealable" language, but it also did not resolve all of the claims and liabilities in the lawsuit. The order specifically stated the "Order Granting Default Judgment stands, however, the Order of Judgment entered in this proceeding on October 18, 2019, as to damages, in favor of the [Scheumanns] is set aside, and vacated and declared null and void. IT IS FURTHER ORDERED that [*THP*] *is hereby granted a new hearing on damages*." (Emphasis added.) In *Chittum v. Abell*, 485 S.W.2d 231, 237 (Ky. 1972), this Court held that an order was not "final" where the circuit court reserved the issues of damages for a later trial, even when the magic "final and appealable" language was used. Therefore, we do not agree with the Scheumanns' argument that the Order Vacating in Part, which reserved the issue of damages for a later hearing, was appealable under CR 54.02. This is especially so because the damages hearing would require analysis of the same Agreement that is under scrutiny for the arbitration issue. Therefore, THP was not permitted – much less required – to appeal the Order Vacating in Part as the Scheumanns suggest.

Consequently, it was not improper for THP to file the motion to compel arbitration. And, as our caselaw has long emphasized, a circuit court's

-13-

denial of a motion to compel arbitration is appealable. *American General Home Equity, Inc. v. Kestel*, 253 S.W.3d 543, 547 n.2 (Ky. 2008) (citing *Fayette County Farm Bureau Federation v. Martin*, 758 S.W.2d 713, 714 (Ky. App. 1998) ("an order denying a motion to compel arbitration . . . is explicitly held to be appealable under KRS 417.220(1)(a)")); *New Meadowview Health*, 550 S.W.3d at 58 (citing KRS 417.220(1) ("[A]n order denying a motion to compel arbitration is immediately appealable.")); *Conseco*, 47 S.W.3d at 340 ("[B]ecause an ordinary appeal at the close of litigation will not often provide an adequate remedy for the wrongful denial of a right to arbitrate, KRS 417.220 provides in pertinent part that . . . [a]n appeal may be taken from . . . [a]n order denying an application to compel arbitration made under KRS 417.060[.]"). Therefore, the order denying THP's motion to compel arbitration is properly before this Court.

Next, we must address whether the circuit court's order denying THP's motion to compel arbitration was lawful. Our Supreme Court explained the role of the circuit court when faced with a motion to compel arbitration in *Jackson v. Legacy Health Services, Inc.*, 640 S.W.3d 728, 732 (Ky. 2022) (citations and footnotes omitted) (emphasis added):

> Arbitration agreements, as with any other valid contract, are generally enforceable. State courts must compel arbitration when there is a valid, written arbitration agreement between the parties.

-14-

Disputes concerning arbitration agreements may implicate both the Kentucky Uniform Arbitration Act (KUAA), and the Federal Arbitration Act (FAA). Under both Acts, "a party seeking to compel arbitration has the initial burden of establishing the existence of a valid agreement to arbitrate." When the burden has been met, the party seeking to avoid the agreement must then rebut the presumption that the agreement is valid. *"[T]he existence of a binding agreement to arbitrate is necessarily a threshold consideration for a trial court faced with a motion to compel arbitration.* Disposition of that issue, as both the United States Supreme Court and this Court have long recognized, implicates state law contract principles."

The first step, our Supreme Court explained, is for the circuit court to determine whether the arbitration agreement is binding using state contract principles. *Id. See also General Steel Corp. v. Collins*, 196 S.W.3d 18, 20 (Ky. App. 2006) ("the existence of a valid arbitration agreement is a threshold matter to be resolved by court."). Then, the circuit court "may deem arbitration agreements invalid due to 'generally applicable contract defenses,' but not because of 'defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.'" *Jackson*, 640 S.W.3d at 732 (quoting *Epic Sys. Corp. v. Lewis*, __ U.S. __, 138 S. Ct. 1612, 1622, 200 L. Ed. 2d 889 (2018)).

Here, the circuit court made no determination concerning whether there was a binding agreement to arbitrate using state law contract principles. Instead, the circuit court – contrary to the overwhelming preference to enforce

-15-

arbitration agreements – found the arbitration clause to be "unconstitutional" based solely on the fact of a default judgment alone, *i.e.*, without conducting any legal analysis of its own. However, as we have earlier stated, the Order Vacating in Part was not final and appealable, leaving THP no option but to then file the motion to compel arbitration. It is clear the circuit court did not properly apply Kentucky precedent regarding arbitration agreements and failed to make any actual determination regarding this Agreement. The circuit court simply believed it was bound by the language in its "default judgment," even though that was set aside, in part, by the Order Vacating in Part.

The circuit court failed to follow the first step of the required analysis. In so doing, it failed to comply with Kentucky precedent and CR 52.01, which requires the circuit court to conduct a proper review of the record and to provide specific findings of fact and conclusions of law. *Skelton v. Roberts*, 673 S.W.2d 733, 734 (Ky. App. 1984) (citing *Elkins v. Elkins*, 359 S.W.2d 620 (Ky. 1962)).

Therefore, the circuit court is directed to vacate the judgment below and enter specific findings of fact and conclusions of law as to validity and enforceability of the Agreement and upon THP's motion to compel arbitration.

## CONCLUSION

We hereby REVERSE and set aside the Jefferson Circuit Court order denying THP's motion to compel arbitration. These matters are hereby

-16-

REMANDED to the circuit court to enter specific findings of fact and conclusions of law as to the arbitration agreement consistent with this Opinion and the authorities cited herein.

LAMBERT, JUDGE, CONCURS.

DIXON, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

DIXON, JUDGE, DISSENTING: I must respectfully dissent with the majority's decision herein. I believe the majority has misinterpreted Appellees' basis for reliance upon *Pavkovich*. I see this case as a procedural issue, not necessarily a jurisdictional one. Lost in the majority's analysis is the fact the trial court herein granted a default judgment to Appellees. Appellant eventually sought to vacate that judgment as provided procedurally under our Civil Rules. However, rather than appeal that judgment, it filed a wholly separate motion to dismiss. Were it not for the default judgment already entered, and made final by the trial court's denial of Appellant's motion to vacate – which was not appealed – the motion to dismiss may have been proper. This case presents an unusual procedural posture.

BRIEFS FOR APPELLANT:

Scott P. Zoppoth
Louisville, Kentucky

BRIEF FOR APPELLEES:

Andrew J. Scheumann, *pro se*
Chapin Elizabeth Scheumann, *pro se*
Louisville, Kentucky

-17-