RENDERED: MAY 24, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0066-MR

KATHY SOURS AND
CATHY SUMERACKI                                          APPELLANTS


v.          APPEAL FROM JEFFERSON CIRCUIT COURT
            HONORABLE ANN BAILEY SMITH, JUDGE
            ACTION NO. 19-CI-005481


BORDER COLLIE SOCIETY
OF AMERICA, INC. AND
BARBARA PALMER                                            APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND ECKERLE, JUDGES.

CETRULO, JUDGE: The underlying action in this case arises from a power struggle over officer positions on a non-profit board. Appellants Kathy Sours and Cathy Sumeracki appeal the Jefferson Circuit Court order granting the Appellees' Border Collie Society of America, Inc. and Barbara Palmer's (collectively, the

"Border Collie Society") motion to release its previously paid bond. After review, we affirm.

## BACKGROUND

In May 2019, the Border Collie Society filed a complaint in Franklin Circuit Court, but shortly thereafter, that court transferred the matter to Jefferson Circuit Court. The Border Collie Society alleged the appellants were improperly holding themselves out to be the group's rightful leadership and interfering with the business of the organization. The appellants alleged numerous members within the Border Collie Society abused their leadership positions before, during, and after the 2018 Border Collie Society Board of Directors'[1] election to retain control of the non-profit organization. Shortly after proceedings began, the Border Collie Society moved for a restraining order and temporary injunction against the appellants. In October 2019, the circuit court granted the Border Collie Society's motion, but ordered a $10,000 bond be posted pursuant to Kentucky Rule of Civil Procedure ("CR") 65.05 ("2019 Restraining Order").[2] That bond was paid into court and signed by a surety.

---

[1] The Border Collie Society bylaws and constitution provide for a bi-annual election of nine members of the Board of Directors.

[2] The record refers to this injunctive relief as both a "restraining order" and "temporary injunction," but because the order only restricted the appellants' actions – directing them not to interfere with the Border Collie Society business or hold themselves out to be Border Collie Society members or directors – we shall refer to it as the 2019 Restraining Order. *See* CR 65.01.

While this action proceeded, another Border Collie Society Board of Directors' election occurred at the end of 2020 (for leadership positions in 2021-2022). In January 2021, the appellants filed a new action that contested that 2020 election. Although the parties in the new action were different, the Border Collie Society argued that the new action (and 2020 election itself) rendered the issues in the present case moot. In June 2022, the court dismissed this action as moot and stated that, while the appellants disagreed as to mootness, they "presented no fact or argument that convinced the Court that any justiciable issue remain[ed] to be decided." At this time, the court still held the bond, and this June 2022 Order did not specifically reference the 2019 Restraining Order or the funds securing the bond. The appellants did not appeal the June 2022 Order. Similarly, they filed no action on the bond and filed no timely post-judgment motions.

On September 2, 2022, for the first time, the appellants sought a hearing on damages they asserted were due to them considering the period that the injunction was in place. The appellants argued that the Border Collie Society had wrongfully sought a restraining order through the course of litigation and, as a result, the court should award the appellants the $10,000 bond previously deposited by the Border Collie Society and still held by the court. The appellants' motion specifically argued that they had incurred attorney fees and other damages and that the court should grant a hearing to "reverse the improper findings made at the

-3-

temporary injunction hearing[.]" The Border Collie Society objected to the motion and argued, in part, that the court should return the bond to the organization because the "temporary injunction [ordering the bond] has been dissolved and/or rendered moot by virtue of the dismissal of this action." On September 14, 2022, the court denied the appellants' motion, simply noting that the case had been dismissed almost three months earlier on June 15, 2022. No appeal was filed from that ruling.

On December 8, 2022, the Border Collie Society moved for release of the funds used to secure the $10,000 injunction bond. The appellants objected and again argued that the Border Collie Society had wrongfully obtained the 2019 Restraining Order and, as a result, they were damaged. In December 2022, the circuit court entered an order refunding the Border Collie Society's bond money ("December 2022 Order"). In that December 2022 Order, the court noted that appellants were still arguing the injunction was wrongly issued and the court found it lacked jurisdiction pursuant to CR 59.05 to amend or vacate its final judgment of June 2022. Thus, the court overruled the appellants' objection and sustained the Border Collie Society's motion to release the $10,000 bond.

In January 2023, appellants filed a notice of appeal from the December 2022 Order and argued the circuit court "ruled in error that it did not have jurisdiction to award Appellants damages on a bond." The next month, the

Border Collie Society filed a motion to dismiss the appeal. In June 2023, this Court denied the motion to dismiss but held "the issues on appeal shall be LIMITED to the [December 2022 Order] granting the [Border Collie Society's] motion to release a bond." As such, we are bound by this Court's previous ruling and shall limit our analysis to the specific question on appeal: Did the circuit court err by 1) finding that it lacked jurisdiction to amend or vacate the June 2022 Order and 2) by releasing the injunction bond?

## ANALYSIS

"Jurisdiction is a question of law which we review *de novo*." *Addison v. Addison*, 463 S.W.3d 755, 764 (Ky. 2015) (citing *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004)).

"CR 65.05 requires the party in whose favor the injunction is granted to post a bond and wrongfully enjoined parties may recover compensatory damages." *Nat'l Collegiate Athletic Ass'n v. Lasege*, 53 S.W.3d 77, 88 (Ky. 2001) (footnotes omitted). Here, the circuit court – in the 2019 Restraining Order – granted the Border Collie Society's request for injunctive relief and consequently, ordered them to post a $10,000 bond. The 2019 Restraining Order did not include a termination date; thus, the restraining order was dissolved by the final judgment – the June 2022 Order – dismissing the underlying action. CR 65.03(5). The court ruled that "[s]ince a new election of [the Border Collie Society] officers and

directors ha[d] occurred and the persons allegedly affected by that election ha[d] challenged it, the Court finds that whether the prior board was properly constituted is now moot and that a controversy no longer exists in this action." Circuit Court order of June 15, 2022, at 2. The court further held, "IT IS THEREFORE ORDERED that this action is DISMISSED as moot, with prejudice." *Id.* And the court certified that "[t]his is a final and appealable order, there being no just reason for delay." *Id.* Notably, no appeal was taken from the order of June 15, 2022 dismissing the action with prejudice.

If appellants had wished to further challenge the 2019 Restraining Order (and correlating bond), they needed to challenge the June 2022 Order which dissolved the restraining order and resolved the action. More specifically, they were required to file a CR 52.02 motion (for additional findings) or CR 59.05 motion (to alter, amend, or vacate a judgment) within ten days of the court's entry of the June 2022 Order or, per Kentucky Rule of Appellant Procedure 3(A)(1), file a notice of appeal within 30 days. They failed to do so.

Similarly, appellants could have brought a timely action on the bond or against the surety if they believed they had suffered recoverable damages reasonably certain to have been incurred because of the injunction. *See* CR 65.05(2). *Pharo Distributing Co. v Stahl*, 782 S.W.2d 635 (Ky. App. 1989). However, damages are not automatic where injunctive relief is the only relief

sought and generally, in such cases, attorney fees are not recoverable. *See*

*Motorists Mutual Ins. Co. v. Terry*, 536 S.W.2d 472 (Ky. 1976).

Here, appellants did not present their asserted claim for damages until the filing of a motion for hearing in September 2022. That motion argued for attorney fees and specifically argued the merits, *i.e.*, that the court had erred in granting the 2019 Restraining Order, and then in dissolving the same in June 2022. However, as the window to amend or appeal the June 2022 Order had closed, the court determined it had lost jurisdiction over the merits of the matter. *See Pavkovich v. Shenouda*, 280 S.W.3d 584, 587-88 (Ky. App. 2009).[3]

On appeal, the appellants argue that they are not contesting the June 2022 Order, but are only arguing damages, and under these circumstances the circuit court retained limited jurisdiction. We do not disagree that the circuit court retains limited jurisdiction over such matters as funds paid into court. Indeed, the court exercised its limited jurisdiction in releasing the bond to the Border Collie Society. For instance, after a civil default judgment, a party may timely move for a

---

[3] *Pavkovich* states that because the court lost subject matter jurisdiction after it dismissed the claim, the later order was void. *Pavkovich*, 280 S.W.3d at 587-89. However, here, the December 2022 order is not void under these limited circumstances because the sole residual effect of that order was to release the funds securing the bond attached to the dissolved injunctive relief. The appellants cite no binding precedent preventing the circuit court from releasing such funds. They have argued that a local rule requires a motion for release of a bond but have not cited us to any such rule and we have not located such in our review. In fact, it is unclear if a motion (and subsequent order) is *required* or if a court clerk may independently release such funds after a court dismisses the underlying action.

hearing on damages. *See* CR 55.01; *see also Key v. Mariner Finance, LLC*, 617 S.W.3d 819, 825 (Ky. App. 2020). After a judgment upon a jury verdict, the trial court can still order costs pursuant to a Bill of Costs filed by the prevailing party. *See* CR 54.04. However, appellants did not timely ask for a hearing on damages *alone* based on previously adjudicated findings (as is permitted in those limited circumstances not present here). Rather, appellants were seeking a *substantive review and additional fact-finding* including a challenge to the validity of the 2018 Border Collie Society Board of Directors' election process and results, the validity of the 2019 Restraining Order, and the legal conclusions of the June 2022 Order. However, as previously stated, that ship has sailed. As we stated in our prior order on the motion to dismiss, we are limited to review of the December 2022 Order granting the release of the bond to the Border Collie Society, and we find no error in that release.

## CONCLUSION

In light of the foregoing, we AFFIRM the December 2022 Order of the Jefferson Circuit Court.


ALL CONCUR.

BRIEFS FOR APPELLANTS:        BRIEF FOR APPELLEES:

Eric M. Lamb                David B. Mour
Louisville, Kentucky        Louisville, Kentucky